## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

LARRY PIPPION, as Representative of  )
the Estate of Larry Earvin,           )
                                     )        Case No.
                 Plaintiff,  )
                                     )        Judge:
vs.                             )        Magistrate Judge:
                                     )
SGT. WILLIE HEDDEN, LT. BENJAMIN  )        JURY DEMAND
BURNETT, LT. BLAKE HAUBRICH,    )
CORRECTIONAL OFFICER ALEX      )
BANTA, WARDEN CAMERON        )
WATSON, ASSISTANT WARDEN      )
STEVE SNYDER, individually,      )

                       Defendants.

## COMPLAINT

Plaintiff, Larry Pippion, as the Representative of the Estate of Larry Earvin, complaining of Defendants, Sgt. Willie Hedden, Lt. Benjamin Burnett, Lt. Blake Haubrich, Correctional Officer Alex Banta, Warden Cameron Watson, and Assistant Warden Steve Snyder, and each of them in their individual capacities, states as follows:

### NATURE OF THE CASE

This is an action seeking remedies for the deprivation of Larry Earvin's constitutionally protected rights resulting in his death while in the custody of the Illinois Department of Corrections (hereinafter "IDOC").

### PARTIES

1.      Larry Earvin, the decedent, was a 65-year-old prisoner housed at Western Illinois Correctional Center. He died on June 26, 2018 as a result of a violent physical attack upon him by the Defendants that occurred on or about May 17, 2018.

2.      Plaintiff, Larry Pippion, is the son of the decedent and has been appointed Representative of Mr. Earvin's estate.

3.      At all relevant times, Defendants Hedden, Burnett, Haubrich, and Banta (hereinafter "Defendant Officers") were law enforcement officers employed by the IDOC as correctional staff at the Western Illinois Correctional Center where Mr. Earvin was incarcerated. At all relevant times, the Defendant Officers were acting within the scope of their employment and under color of law. They are sued in their individual capacities.

4.      At all relevant times, Defendant Cameron Watson was the Warden at the Western Illinois Correctional Center and an employee of the IDOC. Defendant Watson was responsible for the implementation, oversight, and supervision of policies and practices at Western Illinois, and the oversight and discipline of staff there. At all relevant times, Defendant Watson was acting under color of law and within the scope of his employment. He is sued in his individual capacity.

5.      On information and belief, at all relevant times, Defendant Steve Snyder was the Assistant Warden of Operations at Western Illinois and an employee of the IDOC. Defendant Snyder was responsible for the implementation, oversight, and supervision of policies and practices at Western Illinois, and the oversight and discipline of staff there. At all relevant times, Defendant Snyder was acting under color of law and within the scope of his employment. He is sued in his individual capacity.

## JURISDICTION AND VENUE

6. This case includes claims for relief under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1331 and 1367.

7. Venue is proper under 28 U.S.C. § 1391(b).

## BACKGROUND

8. At the time of the incident, Mr. Earvin was incarcerated at Western Illinois Correctional Center in Mount Sterling, Illinois. He was imprisoned in 2015 for the theft of merchandise under $300.00, and he was scheduled to be released from custody in September 2018.

9. On information and belief, on or about May 17, 2018 and without just cause or provocation, the Defendant Officers beat and viciously attacked Mr. Earvin.

10. As the beating was occurring, none of the Defendant Officers intervened in their fellow officers' use of force despite having a reasonable opportunity to do so.

11. As a result of the beating, Mr. Earvin was severely injured and required medical attention, leading to him being airlifted to a regional hospital and placed in intensive care.

12. Due to the beating, Mr. Earvin sustained 15 rib fractures and two dozen or more abrasions, hemorrhages, and lacerations. He had surgery to remove a portion of his bowel, leading to an ileostomy bag being placed for waste removal.

13. In addition to the foregoing, as a result of the chest trauma he sustained from the altercation, Mr. Earvin had pneumonia, a tracheostomy tube, and a chest tube to drain fluids.

14. On June 26, 2018, Mr. Earvin succumbed to his injuries and died.

15.     Following his death, the pathologist who conducted Mr. Earvin's autopsy concluded that Mr. Earvin died of blunt trauma to the chest and abdomen. His manner of death was ruled a homicide.

16.     Following the incident, on or about May 22, 2018, the Defendant Officers were suspended for violations of standards of conduct pending investigation.

17.     The attack on Mr. Earvin was not an isolated incident at Western Illinois as unjustified violence against prisoners at the facility is a common occurrence. Despite this widespread culture of violence, Defendants Watson and Snyder failed to take any meaningful action to prevent prisoners like Mr. Earvin from being harmed by officers charged with protecting them.

18.     IDOC policy requires officers who use force to write reports documenting the circumstances surrounding that use of force. On information and belief, Defendants Watson and Snyder reviewed these reports as well as grievances that may have been written complaining about prior instances of excessive force.

19.     Despite their awareness of the issue, Defendants Watson and Snyder failed to provide adequate supervision, discipline or training, or take any action to prevent repeated instances of excessive force by their co-Defendants.

**COUNT I – 42 U.S.C. §1983 – Excessive Force Constituting Cruel and Unusual Punishment**
**(Eighth Amendment Claim Against Defendants Hedden, Burnett, Haubrich, and Banta)**

20.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

21.     As set forth above, the Defendant Officers intentionally used force against Mr. Earvin, causing his death. Their use of force was unreasonable in light of the facts and circumstances present at the time that the force was used.

22.     In using force against Mr. Earvin, the Defendant Officers intentionally used excessive cruelty toward him for the very purpose of causing harm, and not in a good faith effort to maintain or restore security or discipline.

23.     In the alternative, the Defendant Officers knew that using force presented a risk of harm to Mr. Earvin, but recklessly disregarded that risk and Mr. Earvin's safety by failing to take reasonable measures to minimize that risk of harm.

24.     As a result of the unjustified and unconstitutional conduct of these Defendants, Mr. Earvin sustained damages including pain, suffering, emotional distress, injury, and death.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, reasonable attorney's fees and costs, and for such other and further relief as the Court may deem appropriate.

**COUNT II – 42 U.S.C. §1983 – Failure to Intervene**
**(Eighth Amendment Claim Against All Defendants)**

\

25.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

26.     As set forth above, all of the Defendants had a reasonable opportunity to prevent the violation of Mr. Earvin's constitutional rights, but they failed to do so.

27.     Defendants knew and were aware of a substantial risk of harm to Mr. Earvin's safety, but consciously disregarded that risk by failing to take reasonable steps to prevent the harm from occurring.

28.     Defendants' failures to act were intentional, done with malice, and/or done with deliberate indifference to Mr. Earvin's rights.

29.     Due to the Defendants' unconstitutional failure to intervene, Mr. Earvin sustained damages including pain, suffering, emotional distress, injury, and death.

30.     Mr. Earvin's injuries were proximately caused by the policies and practices of Defendants Watson and Snyder.

31.     On information and belief, prior to May 2018, Defendants Watson and Snyder knew that correctional staff at Western Illinois, including without limitation Defendants Hedden, Burnett, Haubrich, and Banta, were routinely using excessive force against prisoners housed there. This routine use of excessive force was widespread and pervasive. Despite knowledge of this unconstitutional use of force, Defendants Pfister, Reed, and Pierce failed to adequately supervise, discipline, or train correctional staff, or take any other reasonable measures to prevent officers like Defendants Hedden, Burnett, Haubrich, and Banta from using excessive force against Mr. Earvin.

32.     At all times relevant to their involvement in this case, Defendants Watson and Snyder were responsible for the creation, implementation, oversight, and supervision of policies, practices, and procedures regarding use of force at Western Illinois; the training of correctional staff at Western Illinois on use of force; and the supervision and discipline of correctional staff at Western Illinois.

33.     The widespread use of excessive force at Western Illinois as described above, so pervasive as to constitute a *de facto* policy or practice, was able to exist and flourish because Defendants Watson and Snyder were deliberately indifferent to the problem, thereby ratifying it.

34.    Mr. Earvin's injuries were caused by employees of IDOC, including without limitation Defendants Hedden, Burnett, Haubrich, and Banta who acted pursuant to the *de facto* policies described above at Western Illinois, which were ratified by Watson and Snyder.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive damages, reasonable attorney's fees and costs, and for such other and further relief as the Court may deem appropriate.

### COUNT III – 42 U.S.C. §1983 – Conspiracy
### (All Defendants)

35.    All of the prior paragraphs are incorporated by reference as though fully set forth herein.

36.    Defendants reached an agreement among themselves to deprive Mr. Earvin of his constitutional rights and to protect each other from liability for depriving Mr. Earvin of his rights, as described above.

37.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

38.    The misconduct described herein was undertaken intentionally, with malice, and/or with reckless indifference to Mr. Earvin's rights.

39.    As a direct and proximate result of the illicit prior agreement as set forth above, Mr. Earvin's rights were violated and he sustained damages including pain, suffering, emotional distress, injury, and death.

40.     Mr. Earvin's injuries were caused by employees of IDOC, including

without limitation Defendants Hedden, Burnett, Haubrich, and Banta who acted

pursuant to the *de facto* policies described above at Western Illinois, which were

ratified by Watson and Snyder.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry

Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett,

Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive

damages, reasonable attorney's fees and costs, and for such other and further relief as the

Court may deem appropriate.

**COUNT IV – State Law Claim – Intentional Infliction of Emotional Distress**
**(Pursuant to the Illinois Survival Act Against Defendants Hedden, Burnett, Haubrich, and Banta)**

41.     All of the prior paragraphs are incorporated by reference as though fully

set forth herein.

42.     As set forth above, by beating Mr. Earvin to death without legal

justification, the Defendant Officers abused their power and engaged in extreme and

outrageous conduct.

43.     The Defendants Officers' actions as set forth above were done

intentionally or with the knowledge that there was a strong likelihood that the conduct

would inflict severe emotional distress and with reckless disregard of that likelihood.

44.     The Defendants Officers' actions as set forth above were undertaken

intentionally, with malice, and/or with reckless indifference to Mr. Earvin's rights.

45.     As a direct and proximate result of the Defendant Officers' misconduct,

Mr. Earvin sustained damages including severe emotional distress and great conscious

pain and suffering before his death.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

## COUNT V – State Law Claim – Battery
### (Pursuant to the Illinois Survival Act Against Defendants Hedden, Burnett, Haubrich, and Banta)

46.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

47.     As set forth above, the Defendant Officers intentionally made physical contact with Mr. Earvin without just cause. This physical contact was offensive and harmful.

48.     The actions of the Defendant Officers were intentional, willful, and wanton.

49.     The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

50.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including great conscious pain and suffering before his death.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

## COUNT VI – State Law Claim – Negligent or Willful and Wanton Conduct
### (Pursuant to the Illinois Survival Act Against All Defendants)

51.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

52.     As set forth above, the actions of the Defendants breached their duty of care to the prisoners in their custody by using excessive force against Mr. Earvin and/or failing to intervene to prevent the use of excessive force against him.

53.     In the alternative, the actions of the Defendants were willful and wanton in that they demonstrated complete indifference to the safety of others. Defendants were aware that an injury would likely result from their acts or failures to act and recklessly disregarded the consequences of those acts or failures to act.

54.     The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

55.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including great conscious pain and suffering before his death.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

### COUNT VII – State Law Wrongful Death Claim - Battery
### (Against Defendants Hedden, Burnett, Haubrich, and Banta)

56.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

57. As set forth above, the Defendant Officers intentionally made physical contact with Mr. Earvin without just cause. This physical contact was offensive and harmful.

58. The actions of the Defendant Officers were intentional, willful, and wanton.

59. The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

60. As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including death.

61. Plaintiff Larry Pippion claims damages for the wrongful death of Mr. Earvin, and for his loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as for his mental anguish caused by this loss, and for burial and other expenses and damages pursuant to the Illinois Wrongful Death Act.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

**COUNT VIII – State Law Wrongful Death Claim - Negligent or Willful and Wanton Conduct**
**(Against Defendants Hedden, Burnett, Haubrich, and Banta)**

62. All of the prior paragraphs are incorporated by reference as though fully set forth herein.

63.     As set forth above, the actions of the Defendants breached their duty of care to the prisoners in their custody by using excessive force against Mr. Earvin and/or failing to intervene to prevent the use of excessive force against him.

64.     In the alternative, the actions of the Defendants were willful and wanton in that they demonstrated complete indifference to the safety of others. Defendants were aware that an injury would likely result from their acts or failures to act and recklessly disregarded the consequences of those acts or failures to act.

65.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including death.

66.     Plaintiff Larry Pippion claims damages for the wrongful death of Mr. Earvin, and for his loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as for his mental anguish caused by this loss, and for burial and other expenses and damages pursuant to the Illinois Wrongful Death Act.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff, Larry Pippion, as the Representative of the Estate of Larry Earvin, hereby demands a jury trial on all issues allowed by law.

Respectfully submitted,

/s/ Michael Oppenheimer

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370