E-FILED
Monday, 18 March, 2019  02:49:08 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY PIPPION, as Representative of the Estate of Larry Earvin, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | No. 19-3010-SEM |
| SGT. WILLIE HEDDEN, LT. BENJAMIN BURNETT, LT. BLAKE HAUBRICH, C/O ALEX BANTA, WARDEN CAMERON WATSON, ASST. WARDEN STEVE SNYDER, Individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Now Come defendants, Cameron Watson and Steve Snyder, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and for their Answer and Affirmative Defenses to plaintiff's complaint [Doc. 1], state as follows:

## NATURE OF THE CASE

This is an action seeking remedies for the deprivation of Larry Earvin's constitutionally protected rights resulting in his death while in the custody of the Illinois Department of Corrections (hereinafter "IDOC").

ANSWER: Defendants admit plaintiff has described the nature of this action, but deny he is entitled to any relief in this matter.

## **PARTIES**

1.      Larry Earvin, the decedent, was a 65-year-old prisoner housed at Western Illinois Correctional Center. He died on June 26, 2018 as a result of a violent physical attack upon him by the Defendants that occurred on or about May 17, 2018.

ANSWER: Defendants admit Larry Earvin was formerly housed at Western Illinois Correctional Center but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

2.      Plaintiff, Larry Pippion, is the son of the decedent and has been appointed Representative of Mr. Earvin's estate.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

3.      At all relevant times, Defendants Hedden, Burnett, Haubrich, and Banta (hereinafter "Defendant Officers") were law enforcement officers employed by the IDOC as correctional staff at the Western Illinois Correctional Center where Mr. Earvin was incarcerated. At all relevant times, the Defendant Officers were acting within the scope of their employment and under color of law. They are sued in their individual capacities.

ANSWER: Defendants admit Hedden, Burnett, Haubrich and Banta were employed as security staff at Western Illinois Correctional Center. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

4.      At all relevant times, Defendant Cameron Watson was the Warden at the Western Illinois Correctional Center and an employee of the IDOC. Defendant Watson was responsible for the implementation, oversight, and supervision of policies and practices at Western Illinois, and the oversight and discipline of staff there. At all relevant times, Defendant Watson was acting under color of law and within the scope of his employment. He is sued in his individual capacity.

ANSWER: Defendants deny this paragraph contains a complete and accurate statement of defendant Watson's duties, but admit the remaining allegations contained in this paragraph.

5.      On information and belief, at all relevant times, Defendant Steve Snyder was the Assistant Warden of Operations at Western Illinois and an employee of the IDOC. Defendant Snyder was responsible for the implementation, oversight, and supervision of policies and practices at Western Illinois, and the oversight and discipline of staff there. At all relevant times, Defendant Snyder was acting under color of law and within the scope of his employment. He is sued in his individual capacity.

ANSWER: Defendants deny this paragraph contains a complete and accurate statement of defendant Snyder's duties, but admit the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

6.      This case includes claims for relief under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1331 and 1367.

ANSWER: Defendants deny the Court has jurisdiction over plaintiff's claims based on state law.  Defendants admit jurisdiction is otherwise proper.

7.      Venue is proper under 28 U.S.C. § 1391(b).

ANSWER: Defendants admit the allegations contained in this paragraph.

## **BACKGROUND**

8.      At the time of the incident, Mr. Earvin was incarcerated at Western Illinois Correctional Center in Mount Sterling, Illinois. He was imprisoned in 2015 for the theft of merchandise under $300.00, and he was scheduled to be released from custody in September 2018.

ANSWER: Defendants admit Mr. Earvin was incarcerated at Western Illinois Correctional Center in Mount Sterling, Illinois on May 17, 2018.  Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

9.      On information and belief, on or about May 17, 2018 and without just cause or provocation, the Defendant Officers beat and viciously attacked Mr. Earvin.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

10.     As the beating was occurring, none of the Defendant Officers intervened in their fellow officers' use of force despite having a reasonable opportunity to do so.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

11.     As a result of the beating, Mr. Earvin was severely injured and required medical attention, leading to him being airlifted to a regional hospital and placed in intensive care.

ANSWER: Defendants admit Mr. Earvin was injured and required medical attention and that he was airlifted to a regional hospital.  Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

12.     Due to the beating, Mr. Earvin sustained 15 rib fractures and two dozen or more abrasions, hemorrhages, and lacerations. He had surgery to remove a portion of his bowel, leading to an ileostomy bag being placed for waste removal.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

13.     In addition to the foregoing, as a result of the chest trauma he sustained from the altercation, Mr. Earvin had pneumonia, a tracheostomy tube, and a chest tube to drain fluids.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

14.     On June 26, 2018, Mr. Earvin succumbed to his injuries and died.

ANSWER: Defendants admit Mr. Earvin died on or about June 26, 2018, but lack sufficient knowledge to admit the cause of death.

15.     Following his death, the pathologist who conducted Mr. Earvin's autopsy concluded that Mr. Earvin died of blunt trauma to the chest and abdomen. His manner of death was ruled a homicide.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

16.     Following the incident, on or about May 22, 2018, the Defendant Officers were suspended for violations of standards of conduct pending investigation.

ANSWER: Defendants admit the defendant officers have been placed on administrative leave, but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

17.     The attack on Mr. Earvin was not an isolated incident at Western Illinois as unjustified violence against prisoners at the facility is a common occurrence. Despite this widespread culture of violence, Defendants Watson and Snyder failed to take any meaningful action to prevent prisoners like Mr. Earvin from being harmed by officers charged with protecting them.

ANSWER: Defendants deny the allegations contained in this paragraph.

18.     IDOC policy requires officers who use force to write reports documenting the circumstances surrounding that use of force. On information and belief, Defendants Watson and Snyder reviewed these reports as well as grievances that may have been written complaining about prior instances of excessive force.

ANSWER: Defendants admit IDOC policy requires officers who use force to submit incident reports.  Defendants admit they review some incident reports and grievances related to use of force, but deny they see all such documents.

19.     Despite their awareness of the issue, Defendants Watson and Snyder failed to provide adequate supervision, discipline or training, or take any action to prevent repeated instances of excessive force by their co-Defendants.

ANSWER: Defendants deny the allegations contained in this paragraph.

**COUNT I – 42 U.S.C. §1983 – Excessive Force Constituting Cruel and Unusual Punishment**
**(Eighth Amendment Claim Against Defendants Hedden, Burnett, Haubrich, and Banta)**

20.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

21.     As set forth above, the Defendant Officers intentionally used force against Mr. Earvin, causing his death. Their use of force was unreasonable in light of the facts and circumstances present at the time that the force was used.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

22.     In using force against Mr. Earvin, the Defendant Officers intentionally used excessive cruelty toward him for the very purpose of causing harm, and not in a good faith effort to maintain or restore security or discipline.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

23.     In the alternative, the Defendant Officers knew that using force presented a risk of harm to Mr. Earvin, but recklessly disregarded that risk and Mr. Earvin's safety by failing to take reasonable measures to minimize that risk of harm.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

24.     As a result of the unjustified and unconstitutional conduct of these Defendants, Mr. Earvin sustained damages including pain, suffering, emotional distress, injury, and death.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, reasonable attorney's fees and costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: Defendants lack sufficient knowledge to admit or deny whether plaintiff is entitled to the requested relief.

## COUNT II – 42 U.S.C. §1983 – Failure to Intervene
## (Eighth Amendment Claim Against All Defendants)

25.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

26.     As set forth above, all of the Defendants had a reasonable opportunity to prevent the violation of Mr. Earvin's constitutional rights, but they failed to do so.

ANSWER: Defendants deny the allegations contained in this paragraph.

27.     Defendants knew and were aware of a substantial risk of harm to Mr. Earvin's safety, but consciously disregarded that risk by failing to take reasonable steps to prevent the harm from occurring.

ANSWER: Defendants deny the allegations contained in this paragraph.

28.     Defendants' failures to act were intentional, done with malice, and/or done with deliberate indifference to Mr. Earvin's rights.

ANSWER: Defendants deny the allegations contained in this paragraph.

29.     Due to the Defendants' unconstitutional failure to intervene, Mr. Earvin sustained damages including pain, suffering, emotional distress, injury, and death.

ANSWER: Defendants deny the allegations contained in this paragraph.

30.     Mr. Earvin's injuries were proximately caused by the policies and practices of Defendants Watson and Snyder.

ANSWER: Defendants deny the allegations contained in this paragraph.

31.     On information and belief, prior to May 2018, Defendants Watson and Snyder knew that correctional staff at Western Illinois, including without limitation Defendants Hedden, Burnett, Haubrich, and Banta, were routinely using excessive force against prisoners housed there. This routine use of excessive force was widespread and pervasive. Despite knowledge of this unconstitutional use of force, Defendants Pfister, Reed, and Pierce failed to adequately supervise, discipline, or train correctional staff, or take any other reasonable measures to prevent officers like Defendants Hedden, Burnett, Haubrich, and Banta from using excessive force against Mr. Earvin.

ANSWER: Defendants deny the allegations contained in this paragraph.

32.    At all times relevant to their involvement in this case, Defendants Watson and Snyder were responsible for the creation, implementation, oversight, and supervision of policies, practices, and procedures regarding use of force at Western Illinois; the training of correctional staff at Western Illinois on use of force; and the supervision and discipline of correctional staff at Western Illinois.

ANSWER: Defendants deny this paragraph contains a complete and accurate statement of their duties.

33.    The widespread use of excessive force at Western Illinois as described above, so pervasive as to constitute a *de facto* policy or practice, was able to exist and flourish because Defendants Watson and Snyder were deliberately indifferent to the problem, thereby ratifying it.

ANSWER: Defendants deny the allegations contained in this paragraph.

34.    Mr. Earvin's injuries were caused by employees of IDOC, including without limitation Defendants Hedden, Burnett, Haubrich, and Banta who acted pursuant to the *de facto* policies described above at Western Illinois, which were ratified by Watson and Snyder.

ANSWER: Defendants lack sufficient knowledge to admit or deny the cause of Mr. Earvin's injuries, but deny the remaining allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive damages, reasonable attorney's fees and costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: Defendants deny plaintiff is entitled to any relief under this count.

## COUNT III – 42 U.S.C. §1983 – Conspiracy
## (All Defendants)

35.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

36.     Defendants reached an agreement among themselves to deprive Mr. Earvin of his constitutional rights and to protect each other from liability for depriving Mr. Earvin of his rights, as described above.

ANSWER: Defendants deny the allegations contained in this paragraph.

37.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

ANSWER: Defendants deny the allegations contained in this paragraph.

38.     The misconduct described herein was undertaken intentionally, with malice, and/or with reckless indifference to Mr. Earvin's rights.

ANSWER: Defendants deny the allegations contained in this paragraph.

39.     As a direct and proximate result of the illicit prior agreement as set forth above, Mr. Earvin's rights were violated and he sustained damages including pain, suffering, emotional distress, injury, and death.

ANSWER: Defendants deny the allegations contained in this paragraph.

40.     Mr. Earvin's injuries were caused by employees of IDOC, including without limitation Defendants Hedden, Burnett, Haubrich, and Banta who acted pursuant to the *de facto* policies described above at Western Illinois, which were ratified by Watson and Snyder.

ANSWER: Defendants lack sufficient knowledge to admit or deny the cause of Mr. Earvin's injuries, but deny the remaining allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive damages, reasonable attorney's fees and costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: Defendants deny plaintiff is entitled to any relief under this count.

**COUNT IV – State Law Claim – Intentional Infliction of Emotional Distress**
**(Pursuant to the Illinois Survival Act Against Defendants Hedden, Burnett, Haubrich, and Banta)**

41.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

42.     As set forth above, by beating Mr. Earvin to death without legal
justification, the Defendant Officers abused their power and engaged in extreme and
outrageous conduct.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations
contained in this paragraph.

43.     The Defendants Officers' actions as set forth above were done
intentionally or with the knowledge that there was a strong likelihood that the conduct
would inflict severe emotional distress and with reckless disregard of that likelihood.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations
contained in this paragraph.

44.     The Defendants Officers' actions as set forth above were undertaken
intentionally, with malice, and/or with reckless indifference to Mr. Earvin's rights.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations
contained in this paragraph.

45.     As a direct and proximate result of the Defendant Officers' misconduct,
Mr. Earvin sustained damages including severe emotional distress and great conscious
pain and suffering before his death.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations
contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: Defendants lack sufficient knowledge to admit or deny whether plaintiff is entitled to the requested relief.

## COUNT V – State Law Claim – Battery
### (Pursuant to the Illinois Survival Act Against Defendants Hedden, Burnett, Haubrich, and Banta)

46.    All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

47.    As set forth above, the Defendant Officers intentionally made physical contact with Mr. Earvin without just cause. This physical contact was offensive and harmful.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

48.    The actions of the Defendant Officers were intentional, willful, and wanton.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

49.     The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

50.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including great conscious pain and suffering before his death.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: Defendants lack sufficient knowledge to admit or deny whether plaintiff is entitled to the requested relief.

## COUNT VI – State Law Claim – Negligent or Willful and Wanton Conduct
### (Pursuant to the Illinois Survival Act Against All Defendants)

51.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: This count is the subject of a motion to dismiss and will not be answered at this time.

52.     As set forth above, the actions of the Defendants breached their duty of care to the prisoners in their custody by using excessive force against Mr. Earvin and/or failing to intervene to prevent the use of excessive force against him.

ANSWER: This count is the subject of a motion to dismiss and will not be answered at this time.

53.     In the alternative, the actions of the Defendants were willful and wanton in that they demonstrated complete indifference to the safety of others. Defendants were aware that an injury would likely result from their acts or failures to act and recklessly disregarded the consequences of those acts or failures to act.

ANSWER: This count is the subject of a motion to dismiss and will not be answered at this time.

54.     The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

ANSWER: This count is the subject of a motion to dismiss and will not be answered at this time.

55.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including great conscious pain and suffering before his death.

ANSWER: This count is the subject of a motion to dismiss and will not be answered at this time.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: This count is the subject of a motion to dismiss and will not be answered at this time.

### COUNT VII – State Law Wrongful Death Claim - Battery
### (Against Defendants Hedden, Burnett, Haubrich, and Banta)

56.    All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

57.    As set forth above, the Defendant Officers intentionally made physical contact with Mr. Earvin without just cause. This physical contact was offensive and harmful.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

58.    The actions of the Defendant Officers were intentional, willful, and wanton.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

59.     The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

60.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including death.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

61.     Plaintiff Larry Pippion claims damages for the wrongful death of Mr. Earvin, and for his loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as for his mental anguish caused by this loss, and for burial and other expenses and damages pursuant to the Illinois Wrongful Death Act.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, and Banta, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: Defendants lack sufficient knowledge to admit or deny whether plaintiff is entitled to the requested relief.

**COUNT VIII – State Law Wrongful Death Claim - Negligent or Willful and Wanton
Conduct
(Against Defendants Hedden, Burnett, Haubrich, and Banta)**

62.     All of the prior paragraphs are incorporated by reference as though fully
set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

63.     As set forth above, the actions of the Defendants breached their duty of
care to the prisoners in their custody by using excessive force against Mr. Earvin and/or
failing to intervene to prevent the use of excessive force against him.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations
contained in this paragraph.

64.     In the alternative, the actions of the Defendants were willful and wanton
in that they demonstrated complete indifference to the safety of others. Defendants were
aware that an injury would likely result from their acts or failures to act and recklessly
disregarded the consequences of those acts or failures to act.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations
contained in this paragraph.

65.     As a direct and proximate result of the Defendant Officers' misconduct, Mr.
Earvin sustained damages including death.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations
contained in this paragraph.

66.    Plaintiff Larry Pippion claims damages for the wrongful death of Mr. Earvin, and for his loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as for his mental anguish caused by this loss, and for burial and other expenses and damages pursuant to the Illinois Wrongful Death Act.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder, jointly and severally, for compensatory and punitive damages, costs, and for such other and further relief as the Court may deem appropriate.

ANSWER: Defendants lack sufficient knowledge to admit or deny whether plaintiff is entitled to the requested relief.

## JURY DEMAND

Plaintiff, Larry Pippion, as the Representative of the Estate of Larry Earvin, hereby demands a jury trial on all issues allowed by law.

ANSWER: Defendants also demand a trial by jury.

### JURY DEMAND

Defendants demand a trial by jury in this matter.

### AFFIRMATIVE DEFENSES

**A.  Sovereign Immunity**

Plaintiff's claims for monetary damages against defendants in their official capacities are precluded by the Eleventh Amendment, which bars an action for damages in federal court against a State or a State official sued in his official capacity. Plaintiff's claims under state law are barred by sovereign immunity and the State Lawsuit Immunity Act.

**B.  Qualified Immunity**

At all times relevant herein, defendants acted in good faith in the performance of their official duties and without violating Mr. Earvin's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

WHEREFORE, for the above and foregoing reasons, defendants respectfully request this Honorable Court deny plaintiff any relief in this matter whatsoever and enter judgment in their favor.

Respectfully submitted,

CAMERON WATSON and STEVE SNYDER,

Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

By  s/ Christopher L. Higgerson
        Christopher L. Higgerson
        Assistant Attorney General
        500 South Second Street
        Springfield, IL 62701
        Telephone: (217) 782-1841
        Facsimile: (217) 782-8767
        E-mail: chiggerson@atg.state.il.us
         & gls@atg.state.il.us

**No. 19-3010-SEM**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 18, 2019, the foregoing document, *Defendants' Answer and Affirmative Defenses,* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Oppenheimer   <u>michael@eolawus.com</u>

Respectfully submitted,

 <u>s/ Christopher L. Higgerson</u>
Christopher L. Higgerson
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 782-1841
Facsimile: (217) 782-8767
E-mail: <u>chiggerson@atg.state.il.us</u>
 & <u>gls@atg.state.il.us</u>