UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY PIPPION, as Representative of the Estate of Larry Earvin, ) ) ) | |
| Plaintiff, ) ) | |
| -vs- ) ) | No. 19-3010-SEM |
| SGT. WILLIE HEDDEN, LT. BENJAMIN BURNETT, LT. BLAKE HAUBRICH, C/O ALEX BANTA, WARDEN CAMERON WATSON, ASST. WARDEN STEVE SNYDER, Individually, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
COUNT VI PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendants, Cameron Watson and Steve Snyder, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, hereby file this Memorandum of Law in Support of their Motion to Dismiss Count VI of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (doc. 1), stating as follows:

**INTRODUCTION AND BACKGROUND**

Larry Earvin was an inmate of the Illinois Department of Corrections and housed at Western Illinois Correctional Center. (Doc. 1.) On or about June 26, 2018, Mr. Earvin died while housed at another correctional facility. *Id.* On January 16, 2019, Plaintiff—the purported administrator of Mr. Earvin's estate—filed this lawsuit claiming defendants Watson and Snyder—the Warden and Assistant Warden of Operations of Western Illinois Correctional Center—violated Mr. Earvin's rights under the Eighth Amendment to the United States Constitution and violated various provisions of state law. *Id.* Specifically, Plaintiff pleaded defendants are liable for negligent or willful and wanton conduct under the Illinois Survival Statute (Count VI). *Id.*

Defendants move to dismiss Count VI of plaintiff's complaint because the Court lacks subject-matter jurisdiction over this claim. For the reasons that follow, Defendants respectfully request this honorable Court grant their motion and dismiss Count VI of plaintiff's complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of establishing proper federal subject-matter jurisdiction rests on the party asserting it—in this case, the burden is on the plaintiff to establish jurisdiction. *Muscarello v. Ogle County Board of Commissioners*, 610 F.3d 416, 425 (7th Cir. 2010).

## ARGUMENT

The Illinois Court of Claims possesses exclusive jurisdiction over all tort claims brought against the State of Illinois or its agencies. *See* 745 ILCS 5/1; 705 ILCS 505/8(d); *Nelson v. Miller*, 570 F.3d 868, 885 (7th Cir. 2009).

The State Lawsuit Immunity Act provides that the State of Illinois "shall not be made a defendant or party in any court" except as provided in certain acts, including the Court of Claims Act. 745 ILCS 5/1. The Court of Claims Act provides the Court of Claims with exclusive jurisdiction over "[a]ll claims against the State for damages sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit…." 705 ILCS 505/8(d). Accordingly, Plaintiff cannot pursue state law tort claims against State employees in federal court. *Benning v. Bd. Of Regents of Regenct Univ.*, 928 F.2d 775, 777 (7th Cir. 1991) ("Under the *Erie* doctrine, state rules of immunity govern actions in federal court alleging violations of state law."). Additionally, the Eleventh Amendment bars state law claims in federal suits against the state. *See Pennhurst State School & Hosp.v. Halderman*, 465 U.S. 89, 101-102 (1984).

An action is against the State and not against a named individual when:

> (1) [T]here are no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) … the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.

*Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) (concluding that Illinois would consider the state-law wrongful death and survival claims against sheriff's deputies as being against the state); *see also Ingram v. Illinois Dept. of Corrections*, 2011 WL 1519623, *3 (S.D. Ill. Apr. 20, 2011) (dismissing wrongful death and survival claims against correctional warden because they were barred by sovereign immunity); *Jones v. Hileman*, 2008 WL 4482891, *3 (S.D. Ill. Sept. 30, 2008) (holding state-law wrongful death claim against Illinois state police officers brought alongside Section 1983 deliberate indifference claim was barred by state sovereign immunity as the wrongful death claim was not dependent on the constitutional claim because the two claims offered alternate theories of culpability).

Here, plaintiff has not alleged any actions or inactions by defendants Watson and Snyder were beyond the scope of their authority, but, instead, alleges each acted "under of color of law and within the scope of his employment" as Warden or Assistant Warden at all relevant times. (Doc. 1, ¶ 4, 5.); *see Ingram*, 2011 WL 1519623 at *5 ("[I]t cannot seriously be disputed that it was within the scope of Rednour's authority as the warden of Menard to supervise, train, and direct IDOC personnel at Menard, to place prisoners at Menard in isolation, to monitor the condition of prisoners in isolation, to see that such prisoners are afforded adequate medical care, and so forth…."); *Estate of Crandall v. Godinez*, 2015 WL 1539017, at *9 (C.D. Ill. Mar. 31, 2015) ("Checking inmates housed in segregation once every thirty minutes fell within the scope of [a correctional officer's] duties, and the manner in which he carried out that responsibility falls within the scope of his authority as an employee of the Department of Corrections…. For that reason, the

Court concludes that [the correctional officer] acted within the scope of his employment when he failed to check on [the plaintiff's] cell.").

In *Hogle v. Baldwin*, the court dismissed plaintiff's wrongful death claim on the defendant's motion for judgment on the pleadings. 2018 WL 2465468, *4 (C.D. Ill. June 1, 2018). In *Hogle*, the plaintiff alleged the defendant was responsible for carrying out the policies and procedures of the IDOC and had a duty not to exhibit utter indifference to the decedent's constitutional right to adequate medical care. *Id.* The court determined that the "allegations against [the defendant] do not suggest that [the defendant] acted beyond the scope of his authority through wrongful acts, but rather involve matters ordinarily within [the defendant's] normal and official functions of the state." *Id.* The court went further, determining that because the duty to provide adequate medical care was not owed to the public generally independent of the defendant's employment and the acts or omissions alleged involve the defendant's duties derived directly from his state employment, the plaintiff's wrongful death suit was effectively against the state. *Id.*

Here, like in *Hogle* and *Ingram*, it is clear that the actions or inactions alleged—the failure to prevent prisoners like Mr. Earvin from being harmed by officers charged with protecting them—are squarely within the scope of authority of the defendants as Warden and Assistant Warden of Western Illinois Correctional Center and as employees of the State. In fact, plaintiff pleads that each defendant was at all relevant times acting **"within the scope of his employment**." (Doc. 1, ¶ 4, 5 (emphasis added).) Like in the above-cited cases, plaintiff has alleged the defendants breached a duty solely arising out of their state employment within their normal functions as employees of the State of Illinois. *See Cheng v. Ford*, 83 N.E.3d 563, 568 (Ill. App. 2017) ("[T]he plaintiffs' tort claim for money damages. . . is one that may be brought only in the Court of Claims because [the defendant] was discharging duties that arose *solely* by virtue of her State

Employment. Because she was a State employee, and only because she was State employee, she was responsible for administering [the policy]."). Plaintiff now sues defendants Watson and Snyder for failure to administer adequate policies, a duty which arises solely out of their State employment as Warden and Assistant Warden of Western Illinois Correctional Center. Accordingly, plaintiff's state law claims against these defendants are effectively brought against the State of Illinois. This Court lacks jurisdiction over such claims. Therefore, plaintiff's Survival Statue claim (Count VI) is barred by state sovereign immunity, fails to state a claim as a matter of law, and should be dismissed with prejudice.

WHEREFORE, for the above and foregoing reasons, defendants respectfully request this honorable Court grant their motion and dismiss Count VI of plaintiff's complaint.

Respectfully submitted,

CAMERON WATSON and STEVE SNYDER,

Defendants,

Christopher L. Higgerson #6256085
Assistant Attorney General           KWAME RAOUL, Illinois Attorney General,
500 South Second Street
Springfield, Illinois  62701            Attorney for Defendants,
(217) 782-1841 Phone
(217) 782-8767 Fax                  By: s/ Christopher L. Higgerson
E-mail: chiggerson@atg.state.il.us       Christopher L. Higgerson
                                          Assistant Attorney General

No. 19-3010-SEM

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, the foregoing document, Memorandum of Law in Support of Motion to Dismiss Count VI, Pursuant to Federal Rule of Civil Procedure 12(b)(1), was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Oppenheimer   michael@eolawus.com

Respectfully submitted,

 s/ Christopher L. Higgerson
Christopher L. Higgerson
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 782-1841
Facsimile: (217) 782-8767
E-mail: chiggerson@atg.state.il.us
 & gls@atg.state.il.us