IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY PIPPION, as Representative of the Estate of Larry Earvin, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:19-CV-3010 |
| SGT. WILLIE HEDDEN, LT. BENJAMIN BURNETT, LT. BLAKE HAUBRICH, CORRECTIONAL OFFICER ALEX BANTA, WARDEN CAMERON WATSON, and ASSISTANT WARDEN STEVE SNYDER, individually, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss Count VI Pursuant to Federal Rule of Civil Procedure 12(b)(1) (d/e 11) filed by Defendants Cameron Watson and Steve Snyder. The Motion is DENIED. Plaintiff plausibly alleges that Watson and Snyder violated constitutional law. Therefore, the Court cannot, at this time, find that Count VI is barred by state sovereign immunity.

# I. BACKGROUND

In January 2019, Plaintiff Larry Pippion, as the Representative of the Estate of Larry Earvin, filed suit against several law enforcement officers (Defendant Officers) employed by the Illinois Department of Corrections as correctional staff at the Western Illinois Correctional Center (Western) where Mr. Earvin was incarcerated. Plaintiff also brought suit against Cameron Watson, the Warden of Western, and Steve Snyder, the Assistant Warden of Operations, in their individual capacities.

The complaint alleges that on May 17, 2018 the Defendant Officers beat and viciously attacked Mr. Earvin without just cause or provocation. Mr. Earvin suffered severe injuries and ultimately died from his injuries on June 26, 2018. The coroner ruled the manner of death was homicide.

Plaintiff alleges that the attack on Mr. Earvin was not an isolated incident and that unjustified violence against prisoners at Western is a common occurrence. Despite the widespread culture of violence, Warden Watson and Assistant Warden Snyder failed to take any meaningful action to prevent prisoners from being harmed by the officers charged with protecting them. Moreover, despite

their awareness of the issue, Warden Watson and Assistant Warden Snyder failed to provide adequate supervision, discipline, or training or take any action to prevent repeated instances of excessive force by their co-Defendants. Plaintiff alleges that the widespread use of excessive force at Western was so pervasive as to constitute a <u>de facto</u> policy that was able to exist because Warden Watson and Assistant Warden Snyder were deliberately indifferent to the problem, thereby ratifying it.

Plaintiff brings an Eighth Amendment failure to intervene claim and a conspiracy claim against Warden Watson and Assistant Warden Snyder pursuant to 42 U.S.C. § 1983 (Counts II and III). Plaintiff also brings a state law claim for negligent or willful and wanton conduct pursuant to the Illinois Survival Act against Warden Watson and Assistant Warden Snyder (Count VI).

The state law claim alleges that defendants breached their duty of care to the prisoners in their custody by using excessive force against Mr. Earvin and/or by failing to intervene to prevent the use of excessive force against Mr. Earvin. Alternatively, Plaintiff alleges that defendants were willful and wanton in that they demonstrated a complete indifference to the safety of others.

Defendants were aware that an injury would likely result from their acts or failure to act and recklessly disregarded the consequences of those acts or failures to act.

On March 18, 2019, Warden Watson and Assistant Warden Snyder filed a Motion to Dismiss Count VI Pursuant to Federal Rule of Civil Procedure 12(b)(1) and an Answer and Affirmative Defenses to the remainder of the complaint (d/e 9).

## II. LEGAL STANDARD

Warden Watson and Assistant Warden Snyder move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] However, the Seventh Circuit has held that "a state employee's sovereign immunity defense does not impact a federal court's jurisdiction over a case." Fields v. Wharrie, 672 F.3d 505, 518 (7th Cir. 2012 (citing Rodriguez v. Cook Cnty, Ill., 664 F.3d 627, 630-32 (7th Cir. 2011)).

---

[1] This Court has federal question jurisdiction over Counts I through III because those Counts allege violations of a federal statute. See 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Counts IV through VIII, which allege violations of state law arising from the same general set of facts. See 28 U.S.C. § 1367(a).

Therefore, the Court will consider the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). See Ellis v. Pfister, No. 16 C 9449, 2017 WL 1436967, at *1 (N.D. Ill. Apr. 24, 2017) (considering sovereign immunity issue pursuant to Rule 12(b)(6)). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in her favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows the Court to reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely

Therefore, the Court will consider the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). See Ellis v. Pfister, No. 16 C 9449, 2017 WL 1436967, at *1 (N.D. Ill. Apr. 24, 2017) (considering sovereign immunity issue pursuant to Rule 12(b)(6)). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in her favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows the Court to reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely

reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. ANALYSIS

In the Motion to Dismiss, Warden Watson and Assistant Warden Snyder assert that Count VI is effectively brought against the State of Illinois and is, therefore, barred by state sovereign immunity, fails to state a claim as a matter of law, and should be dismissed with prejudice.

Under Illinois law, the State of Illinois cannot be made a party to a lawsuit except as provided under certain specified Acts, including the Court of Claims Act. See 745 ILCS 5/1 (State Lawsuit Immunity Act)[2]. The Court of Claims Act provides that the Court of Claims has exclusive jurisdiction to hear certain matters, including "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit[.]" 705 ILCS 505/8(d).

---

[2] The other specified Acts are the Illinois Public Labor Relations Act, the State Officials and Employees Ethics Act, and Section 1.5 of the State Lawsuit Immunity Act. See 745 ILCS 5/1.

Under certain circumstances, sovereign immunity applies to claims against state employees. See Murphy v. Smith, 844 F.3d 653, 658 (7th Cir. 2016) (a plaintiff cannot evade sovereign immunity by naming state employees as defendants when the real claim is against the State of Illinois), aff'd 138 S. Ct. 784 (2018) (pertaining to attorney's fee issue). Specifically, a claim against a state employee is considered a claim against the state when "'there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within the employee's normal and official functions of the State.'" Healy v. Vaupel, 133 Ill.2d 295, 309 (1990) (quoting Robb v. Sutton, 147 Ill. App. 3d 710, 716 (1986)). Nonetheless, sovereign immunity offers no protection if the plaintiff alleges that the state employee violated statutory or constitutional law. Murphy, 844 F.3d at 658-59. The exception is premised on the principle that illegal acts performed by state officers are not regarded as acts of the State itself and, therefore, such claims may be brought against the state officer

"without running afoul of sovereign immunity principles." Leetaru v. Bd. of Trs. of Univ. of Ill., 2015 IL 117485, ¶ 45 (2015).

Here, Plaintiff plausibly alleges that Warden Watson and Assistant Warden Snyder acted in violation of constitutional law. Specifically, Plaintiff alleges deliberate indifference to the use of excessive force by correctional officers in violation of the Eighth Amendment and conspiracy to deprive Mr. Earvin of his constitutional rights and to protect each other from liability pursuant to a de facto policy. The alleged violations of constitutional law form the basis of Plaintiff's state law claim for negligent or willful and wanton conduct. See Compl. ¶ 51 (incorporating prior paragraphs); Jose-Nicolas v. Butler, No. 15-CV-1317-NJR-GCS, 2019 WL 652305, at *3 (S.D. Ill. Feb. 15, 2019) (where negligent or willful and wanton conduct claim was dependent on the plaintiff's claim that the defendant violated the Eighth Amendment, and because an issue of fact remained whether the defendant violated the plaintiff's constitutional rights, state sovereign immunity did not bar the state law claim for negligent or willful and wanton conduct); Ellis, 2017 WL 1436967, at* 5 (denying motion to dismiss because the plaintiff plausibly alleged

constitutional violations against the defendants and, as such, the defendants were not protected by "Illinois' sovereign immunity principles").

Therefore, the Motion to Dismiss is denied, but Warden Watson and Assistant Warden Snyder can raise the issue on summary judgment, if appropriate.

### IV. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 11) filed by Defendants Cameron Watson and Steve Snyder is DENIED. Warden Watson and Assistant Warden Snyder shall file an amended answer to the complaint on or before April 19, 2019.

**ENTERED: April 5, 2019**

**FOR THE COURT:**

                      *s/Sue E. Myerscough*
                      **SUE E. MYERSCOUGH**
                      **UNITED STATES DISTRICT JUDGE**