36678-1 TMP/JNK/ALS

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY PIPPION, AS REPRESENTATIVE OF THE ESTATE OF LARRY EARVIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Law No. 19-cv-03010-SEM-TSH |
| WILLIE HEDDEN, BENJAMIN BURNETT, BLAKE HAUBRICH, ALEX BANTA, CAMERON WATSON and STEVE SNYDER, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY**

NOW COMES Defendant WILLIE HEDDEN, by THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, P.C., his attorneys, and for his Memorandum of Law in Support of Defendant's Motion to Stay, states as follows:

**I. INTRODUCTION**

Plaintiff has filed a multi-count cause of action against Defendant Hedden. Plaintiff asserts multiple federal civil rights claims as well as state law claims based upon incidents which allegedly occurred on May 17, 2018. Defendant Hedden and his counsel have the belief that the U.S. Attorney's Office in conjunction with the FBI are conducting grand jury proceedings to determine whether criminal charges will be filed against Defendant Hedden based upon the same factual allegations alleged in this complaint. Accordingly, Defendant Hedden brings this motion to stay the civil action until the criminal proceeding has concluded.

36678-1 TMP/JNK/ALS

## II. **LEGAL ARGUMENT**

Defendant Hedden requests that this Court stay the pending civil claim as allowing such a claim to go forward would force him into the position of defending himself without the ability to obtain discovery from the Codefendants due to their likely decision to invoke privilege against self-incrimination under the Fifth Amendment.  Defendant Hedden also asserts that he should not be forced to choose between claiming privilege and prejudicing the defense of this case in light of any potential criminal charges.

Defendant Hedden has the understanding that the FBI is conducting criminal investigations which may or may not already have resulted in the presentation of evidence to a grand jury relating to the facts in this case.

Absent the stay of proceedings in this case, Defendant would have to make a determination whether to claim privilege against self-incrimination or to answer the complaint, respond to written discovery requests and questioning in deposition or run the risk of invoking his Fifth Amendment privilege to remain silent which could be used as a basis for an inference against him in this case.  *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001).

While counsel for Defendant Hedden acknowledges that he is not automatically entitled to a stay when a parallel criminal proceeding is pending or exists, Defendant would assert that the interests of justice require a stay in this case.  It is within this Court's discretion to award such relief.  *See United States v. Kordel*, 397 U.S. 1, 12 note 27, 90 S.Ct. 763 (1970).  In order to make its determination, the Court must balance the interests of the Plaintiff, the Defendants and the public.  The factors to be considered include the following: whether the civil and criminal matters involve the same subject; whether the governmental entity that has initiated the criminal

36678-1 TMP/JNK/ALS

case or investigation is also a party in the civil case; the posture of the criminal proceeding; the effect of granting or denying a stay on the public interests; the interests of the civil case plaintiff in proceeding expeditiously, and the potential prejudice the Plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on the Defendants if the stay is denied.

1. **Relationship between civil and criminal matters**

Presently, there are no actual criminal charges pending against Defendant Hedden or any of the other Defendants. However, the criminal counsel for Defendant Hedden has advised that the FBI and U.S. Attorney are in the process of evaluating potential criminal charges based upon the identical facts alleged in the complaint at issue. It is understood that the potential criminal charges include but may not be limited to a claim of intentional violation of the Plaintiff's civil rights. Defendant argues that the relationship between the civil and criminal matters therefore weighs in favor of a stay given the identical nature of the allegations asserted.

2. **Whether the government is a party in both cases**

The Defendant concedes that the government is not a party in the civil case and that such would weigh against the stay. At the same time, the claims asserted in this civil case appear to be similar if not identical to the expected charges that may be asserted by the U.S. Attorney's Office against one or more of the Defendants.

3. **Posture of the criminal proceedings**

There are no active criminal charges pending against the Defendant. Defendant acknowledges that he faces only the threat of criminal charges and that none have actually been filed. While this may weigh against entry of a stay, these potential charges appear to be in the

36678-1 TMP/JNK/ALS

pipeline from the federal government resulting from the grand jury process. This Court may be aware that a grand jury has been convened and that an investigation is in fact ongoing. It is likely that at least one if not more of the Defendants is likely to face criminal charges as the result of the investigation which should weigh in favor of the stay.

4. **Effect of the stay on the public interests**

The public has an interest in insuring that a criminal process could proceed and tainted by civil litigation. *See Jones v. City of Indianapolis*, 216 FRD 440, 452 (S.D. Ind. 2003). While the public may also have an interest in the prompt disposition of civil litigation, forcing a civil matter to proceed quickly could actually result in a verdict which is at odds with the outcome in the criminal matter. This in fact could benefit the Defendant, however, the potential benefit of proceeding is outweighed by the risk of harm and therefore should weigh in favor of the stay.

5. **Plaintiff's interest in proceeding quickly**

The Plaintiff in this case may have an interest in proceeding quickly. However, there is no evidence to suggest that a delay in proceeding in the civil matter would impose a significant burden on the Plaintiff and in fact may prove beneficial to the Plaintiff should a verdict be entered against the Defendants in a criminal matter. While it is possible with the passage of time which evidence may become somewhat stale, such is highly unlikely to occur in a case where a criminal proceeding has occurred in the recent past.

6. **The burden imposed on Defendants regarding any particular aspects of a civil litigation**

Any defendant in this case who would be forced to respond to a complaint as well as discovery in this case would be forced with the choice of whether to claim or waive his privilege against self-incrimination under the Fifth Amendment. If faced with such a choice, Defendant

36678-1 TMP/JNK/ALS

Hedden can assert that he would claim the privilege as to certain requests and allegations. It is expected that the Codefendants in this case would do likewise. The question becomes one of fairness under the circumstances. The Court has acknowledged that it is not rare for a person faced with criminal charges or a pending investigation to invoke his Fifth Amendment privilege even though he may have done nothing wrong out of an abundance of caution or due to direction from a careful criminal defense lawyer. The Court has held that backing a defendant into such a situation forces such defendant to face a significant risk of unfair prejudice that could be impossible to remedy. The Court has considered this a factor weighing in favor of a stay. *See Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 947 (2008).

    Defendant prays that this Court will consider the factors and determine that a stay is appropriate as pertains to the pending complaint, all discovery as well as any trial settings in this case pending the outcome of any criminal proceedings relating to the same underlying facts.

    WHEREFORE, Defendant prays that this Court would allow Defendant's motion in the interests of justice.

36678-1 TMP/JNK/ALS

          Respectfully Submitted,

          WILLIE HEDDEN, Defendant

          s/ Theresa M. Powell
          Theresa M. Powell, IL ARDC #: 6230402
          Jessica N. Klaus, IL ARDC #: 6315478
          Alisha L. Sheehan, IL ARDC #: 6320311
          HEYL, ROYSTER, VOELKER & ALLEN, P.C.
          3731 Wabash Avenue
          Springfield, IL 62711-6261
          Phone: 217.522.8822
          Fax:    217.523.3902
          Email:  tpowell@heylroyster.com
                    jklaus@heylroyster.com
                    asheehan@heylroyster.com

36678-1 TMP/JNK/ALS

## PROOF OF SERVICE

I hereby certify that on April 29, 2019, I electronically filed the foregoing instrument, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ronak P. Maisuria
Michael Oppenheimer
ERICKSON & OPPENHEIMER LTD
Suite 200
223 West Jackson Boulevard
Chicago, IL 60606
Email: ronak@eolawus.com
Email: michael@eolawus.com
***Attorneys for Plaintiff***

Richard D. Frazier
CHERRY, FRAZIER & SABIN LLP
Suite 200, Myers Building
One West Old State Capitol Plaza
Post Office Box 198
Springfield, IL 62705-0198
Email: frazier@springfieldlawfirm.com
***Attorney for Defendant Blake Haubrich***

Christopher L. Higgerson
Assistant Attorney General
Illinois Attorney General's Office
500 South Second Street
Springfield, IL 62701
Email: chiggerson@atg.state.il.us
***Attorney for Defendants Steve Snyder and Cameron Watson***

                 s/ Theresa M. Powell
                   Theresa M. Powell

TMP/cs (36678-1)
36109803_1.docx