E-FILED
Monday, 13 May, 2019 03:41:32 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LARRY PIPPION, as Representative of the Estate of Larry Earvin,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. WILLIE HEDDEN, LT. BENJAMIN BURNETT, LT. BLAKE HAUBRICH, CORRECTIONAL OFFICER ALEX BANTA, WARDEN CAMERON WATSON, ASSISTANT WARDEN STEVE SNYDER, individually,<br><br>Defendants. | ) | Case No. 19-CV-3010-SEM<br><br>Judge: Myerscough<br>Magistrate Judge: Schanzle Haskins<br><br>JURY DEMAND |

**PLAINTIFF'S RESPONSE TO DEFENDANTS WILLIE HEDDEN AND BLAKE HAUBRICH'S MOTION TO STAY**

NOW COMES Plaintiff, by and through one of his attorneys, Michael Oppenheimer, and in response to Defendants' Motion to Stay, states as follows:

## INTRODUCTION AND BACKGROUND

On or about January 16, 2019, Plaintiff, Larry Pippion, as the lawful representative of the Estate of Larry Earvin, filed a complaint against Defendants asserting Section 1983 claims for deprivations of Decedent's civil rights under the Eighth Amendment to the Constitution of the United Sates and conspiracy to deprive Decedent of his civil rights, as well as various state law claims. (Complaint, Dkt 1). Specifically, the Plaintiff alleges that in May 2018, Decedent Larry Earvin was savagely beaten without justification by correctional staff Defendants Hedden, Burnett, Haubrich, and Banta at Western Illinois Correctional Center and that he died as a result of his severe and life-threatening injuries in June 2018 while still in IDOC custody. Plaintiff has

asserted that Defendant Watson and Defendant Snyder, as warden and assistant warden respectively of the correctional facility, were aware of frequent unjustified attacks against prisoners by staff at the facility prior to the incident leading to Decedent's death. (Id, ¶ 17-19). Despite this knowledge and their responsibility to adequately train, discipline and supervise correctional staff including Defendants Hedden, Burnett, Haubrich, and Banta, Defendants Watson and Snyder willfully ignored the problem and acted with deliberate indifference towards Mr. Earvin and other prisoners (Id, ¶ 19, 30-34). As of the date of this motion, absolutely none of the have been indicted and no formal charges have been filed against them based on the allegations in Plaintiff's Complaint.

Based on a belief that the F.B.I. and U.S. Attorney's Office may be conducting a criminal investigation into the incident involving Decedent, Defendant Hedden moved for a stay of civil proceedings during the alleged pending criminal investigation and any subsequent criminal prosecution which may result and Defendant Haubrich has since joined in Hedden's motion. Defendant Hedden contends that he is entitled to a stay because he will be forced to choose between exercising his rights under the Fifth Amendment and potentially undermining his defense to criminal prosecution. However, Illinois courts have repeatedly held that forcing a litigant to make this choice is not unconstitutional. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Hollinger Int'l, Inc. v. Hollinger Inc*., 2005 U.S. Dist. LEXIS 14437, at *8 (N.D. Ill. July 15, 2005); *Giampa v. Illinois Civil Service Commission*, 89 Ill.App. 3d 606 (1st Dist. 1980). Additionally, Defendants have not shown that they would suffer any substantial or irreparable prejudice. *See Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 945 (N.D. Ill. 2008). Thus, Defendants' motion should be denied.

**ARGUMENT**

While this Court certainly has the discretion to order a stay in these civil proceedings, it is undisputable that there is no requirement that the civil proceedings be stayed pending any alleged ongoing criminal investigation into Defendants' actions. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). The court in *Keating* stated "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his fifth amendment privilege." *Id*. citing *Baxter*, 425 U.S. 308, 318 (1976).

Moreover, case law is clear that stays are generally disfavored. The U.S. Supreme Court has counseled that, "only in rare circumstances [should] a litigant in one cause be compelled to stand aside while a litigant in another," resolves a contemporaneous proceeding. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). The Supreme Court further directed that a court abuses its discretion by granting "a stay of indefinite duration in the absence of a pressing need." *Id*. In the absence of substantial prejudice to the rights of a party, "parallel proceedings are unobjectionable under our jurisprudence." *S.E.C. v. Dresser*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). "The granting of a stay is the exception, not the rule, and the party seeking the stay has the burden of demonstrating it is necessary." *Hollinger Inc.,* at *8 (quoting *RLJCS Enters. v. Prof'l Benefit Trust, Inc.,* 2004 WL 2033067, at *2 (N.D. Ill. Sept. 2, 2004)); *see also United States v. 6250 Ledge Road*, 943F.2d 721, 729 (7th Cir. 1991) (burden of demonstrating substantial prejudice rests squarely on the party seeking a stay). Furthermore, the moving party must demonstrate substantial prejudice with precision and the failure to do so is a factor that weighs in favor of denying that party's request to stay. *Id*. at 729-730.

In determining whether a stay in civil proceedings is warranted, courts are to consider the following factors: (1) whether the two actions involve the same subject matter; (2) whether the

two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the plaintiff's interests and possible prejudice to the plaintiff; (5) the burden that may be imposed on the defendant; and (6) the public interests at stake. *Doe v. City of Chicago*, 360 F. Supp.2d 880, 881 (N.D. Ill. 2005). Taking into account the facts of this particular case and taking each factor in turn below, these factors clearly weigh in favor of denying Defendants' motion to stay.

**I. Whether the two actions involve the same subject matter**.

Although at first glance this factor may appear to weigh in favor of granting a stay, further examination reveals that is simply not the case. Defendants assert that "the F.B.I. and U.S. Attorney are in the process of evaluating potential criminal charges based upon the identical facts alleged in the complaint at issue"; however, as discussed later in this brief, it is significant that there are not even two actions to consider at this point. (Dkt. 26).

In the absence of any indictment, as is the case here, Courts have denied staying civil proceedings even where there is a substantial overlap of the issues involved in the civil and criminal proceedings. In *Wiltgen,* the plaintiffs sued a company and its CEO for violations of the Security Exchanges Act of 1934 and the Illinois Securities Act. *Wiltgen v. Webb,* 2011 U.S. Dist. LEXIS 103604 at *1-2. (N.D. Ill. Sept. 13, 2011). The defendants had received a federal grand jury subpoena and were being investigated by the Securities and Exchange Commission in concert with the United States Attorney's Office and the Federal Bureau of Investigation. *Id.* at *2. The court stated that if a criminal case was eventually brought against the defendants, "the subject matter of th[e] civil action will be similar, if not identical, to the criminal action" and the overlap would be "substantial." *Id.* at *9. However, the *Wiltgen* court ruled that because there was no indictment in the case, "this [was] all besides the point." *Id.* Just as in *Wiltgen* where the court denied a stay, there are no criminal charges or indictments against any of the Defendants in

the case at hand. Without an indictment, any overlap of issues between the civil and criminal matters is not alone dispositive in granting a stay.

**II. <u>Whether the two actions are brought by the government.</u>**

As Defendants correctly concede, the government is not a party in the civil case and thus this factor also weighs against granting a stay. There is only one pending action against Defendants at this point and that is the instant civil action which is clearly not brought by the government.

**III. <u>The posture of the criminal proceeding.</u>**

Again, this factor weighs against granting a stay because there are no active criminal charges pending against any Defendants and, as Defendants admit, they face only the *potential* threat of criminal charges.

As the court in *Hollinger* stated: "In analyzing the status of the criminal case, the most significant issue is whether the investigation has ripened into an indictment. A defendant under indictment for a serious offense based on the same matter as that in the civil case presents 'the strongest case' for staying concurrent civil proceedings." *Hollinger,* 2005 U.S. Dist. LEXIS 14437, at *11. The court further noted that "the case for staying civil proceedings, however, is 'far weaker' when the defendant has not been indicted and thus, 'no Fifth Amendment privilege is threatened.'" *See also Sterling Nat'l Bank*, 175 F. Supp. 2d at 577 (holding that pre-indictment, "the likelihood that a civil party can make the necessary showing to obtain the 'extraordinary' remedy of a stay…is inevitably much reduced"); *Admiral Ins. Co. v. Fed. Sec*., 1996 WL 139243, at *1 (N.D. Ill. March 26, 1996) ("Where an indictment has not yet been returned or where is no ascertainable time period within which the criminal prosecution is likely to be concluded, a stay of discovery in civil proceedings is more problematic"); *Wiltgen,* 2011

U.S. Dist. LEXIS 103604, at *4 ("The lack of any concurrent criminal action can be nearly dispositive in determining whether to stay a civil matter"); *Cruz v. County of DuPage*, 1997 WL 370194, at *3 (N.D. Ill. June 27, 1997) ("In the cases in which a motion to stay has been denied, there has usually only been a threat of indictment of the civil litigants").

Thus, as the *Hollinger* court noted, "most courts have declined to stay civil proceedings when the defendant has not yet been indicted." *Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *12-13 (quoting *Dresser Indus.*, 628 F.2d at 1376). *See Fed. Trade Comm'n v. Pac First Benefit*, LLC, 361 F. Supp 2d 751 (N.D. Ill. 2005) (denying request for stay and noting that "other district courts have also reasoned that an indictment should be issued before a stay is granted"); *In re Anicom*, 2002 WL 31496212, at *2 (denying stay where criminal charges were expected within four months because "Defendants have only a threat of indictment"); *Nowaczyk v. Matingas*, 146 F.R.D. 169, 176 (N.D. Ill. 1993) (denying stay in part because defendants had not been formally charged, and therefore "it is uncertain how long the requested stay of discovery would persist"); *Fidelity Nat'l Title Ins. Co. v. Nat'l Title Res. Corp.*, 980 F. Supp. 1022, 1024 (D. Minn. 1997) (denying motion for protective order to limit the scope of the defendant's deposition where an indictment was not expected for five months, explaining that "pre-indictment requests for a stay of civil proceedings are generally denied") (internal quotation and citation omitted); *Barry Farm Resident Council v. United States Dep't of the Navy*, 1997 WL 118412, at* 3 (D.D.C. 1997)(holding that where no indictments had been issued, "the alleged harm . . . is entirely speculative"); *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, 1995 WL 261451, [15] at *3 (N.D. Cal. Apr. 26, 1995) (finding that defendant's Fifth Amendment privilege is not negligible, but it is "'far weaker' than it would be if an indictment had been returned").

In *Hollinger*, the court noted that the pending criminal investigation against the defendant weighed against granting even a temporary stay of discovery. 2005 U.S. Dist. LEXIS 14437, at *15. This was because the defendants there had not been indicted and it was unknown if they would be. *Id.* The case at hand is similar to *Hollinger* and the cases cited above because the alleged criminal investigation into Defendants' actions have not yet resulted in an indictment or formal charges being filed against any of the Defendants and it is not clear if it ever will. There are no criminal charges pending and Defendants are not the subject of any action at this time other than the instant civil case against them. It cannot be said that any charges against Defendants are probable or likely given the fact there has been no indication of advancements in the alleged criminal investigation despite one full year having passed since the Decedent sustained his life-ending injuries at the hands of Defendants in May of 2018. Accordingly, it is almost guaranteed that staying this case pending the possibility of criminal charges will result in a lengthy and indefinite stay, which would result in great prejudice to Plaintiff as further set forth below.

Recognizing that their request for a stay being warranted here is weakened by the fact that there has been no indictment, it is telling that Defendant Hedden still failed to cite to any cases in which the court granted a stay even in the absence of an indictment. Because none of the individual Defendants have been indicted on criminal charges, this factor weighs heavily against granting a stay.

**IV. The Plaintiff's interests and possible prejudice to Plaintiff.**

In considering whether to grant a stay of civil proceedings, courts must also consider the interests of the plaintiff in adjudicating her claim. *Hollinger*, 2005 U.S. Dist. LEXIS 14437, at

*10. As the court in *Wiltgen* stated in considering the defendants' request for a stay prior to any indictment:

> "Plaintiffs have the right to seek redress for their alleged harms committed by the defendants. This includes the right to a process that is itself not excessively delayed… "Plaintiffs have an interest in timely conducting discovery, gathering evidence, and examining witnesses...If this Court were to grant the defendants' request, the plaintiffs might have to endure a lengthy delay in receiving any financial redress that may be due to them….To grant the defendants' motion would be to effectively invalidate all those interests of the plaintiffs, burdening them and undermining fair and timely process."

*Wiltgen*, 2011 U.S. Dist. LEXIS 103604, at *8-9.

Defendants ask this Court for an indefinite stay of proceedings until the conclusion of the supposedly active criminal investigation and any possible subsequent criminal proceedings. Just as the court said in *Wiltgen*, to grant such an indefinite stay would burden and substantially prejudice the Plaintiff. *See id*. Firstly, as this is a civil case wherein Plaintiff seeks monetary relief (including punitive damages), staying the case until the conclusion of the criminal proceedings results in a danger that the Defendants' assets will not be available to pay any judgment that may be rendered. Moreover, the events at issue happened one year ago and Plaintiff has an important interest in continuing with discovery. Potential witnesses, currently unknown due to there not yet being any discovery in this case, may either relocate or become unavailable. In addition, the memories of these witnesses may fade, unfairly jeopardizing the Plaintiff's ability to meet his burden of proof in this civil action.

In summary, Plaintiff has the right to seek redress for the harm caused by the actions of Defendants, and Plaintiff's interests in seeking redress weigh against granting a stay of the civil proceedings. *See Jacksonville Savings Bank v. Kovack*, 326 Ill.App.3d 1131, 1136 (2002) (denial of stay affirmed with court stating: "It would be perverse if plaintiffs who claim to be the victims

of criminal activity were relegated to receive slower justice than other plaintiffs simply because the behavior they allege is egregious enough to attract the attention of criminal authorities").

**V. The burden that may be imposed on the Defendants**.

Another factor that is considered in granting a stay of civil proceedings is the burden on defendants if a stay is not granted. *Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *10. Defendant Hedden states in his motion that if the stay is denied any defendant in this case would be forced to choose between his civil discovery obligations and his ability to assert his Fifth Amendment privilege against self-incrimination. (Motion, p. 11). It should be noted that an assertion by any defendant of their Fifth Amendment privilege would not bar that defendant from strongly defending this case through cross-examination. At worst, they would be able to defend this case in exactly the same manner that they would defend any criminal case if they declined to testify on his own behalf.

Moreover, as stated above, the law is clear that it is not unconstitutional to force a defendant in a civil case to make precisely the choice that Defendants claim is such a burden – the choice between waiving his Fifth Amendment privilege or asserting it and potentially having negative inferences drawn therefrom. *See id.* at *8; *Baxter*, 425 U.S. 308, 318 (1976); *Giampa*, 89 Ill.App. 3d 606 ("The constitutional guarantee against self-incrimination protects a witness from being forced to give testimony leading to the imposition of criminal penalties, but it does not insulate a witness from every possible detriment resulting from his testimony. There is nothing inherently repugnant to due process in requiring plaintiff to choose between giving testimony at the [civil proceeding] and keeping silent"). While this one factor may weigh in favor of the Defendant, it is simply *one* factor and must be considered with all the others. *See Federal Savings & Loan Insurance Corp. v. Molinaro*, 889 F.2d 899, 902-903 (9th Cir. 1989)

(while a party's Fifth Amendment rights are an important factor in deciding whether to grant a stay, "it is only one consideration to be weighed against others").

Further, nothing in Defendant Hedden's motion states why he cannot proceed in the civil action without invoking his Fifth Amendment rights. And as stated by the court in *Wiltgen* when confronted with a similar conclusory assertion by the defendants, "Defendants cannot use the Fifth Amendment in such a blanket fashion to obtain a stay of this civil action. The Court sees no reasons why the defendants cannot participate in this case while also selectively invoking their Fifth Amendment rights against self-incrimination to specific questions during discovery if necessary." *Wiltgen*, 2011 U.S. Dist. LEXIS 103604, at *7. The court goes on to say that because there was no ongoing criminal action in the case, "the issue of the defendants' constitutional rights is mere conjecture, and not ripe to support a stay." *Id.* at *8. Thus, with only speculative harm at issue, Defendants here have made no showing that they would suffer any undue burden if a stay is not granted.

There is no reason why discovery should not continue to proceed. If any defendant asserts his Fifth Amendment rights during a deposition and later abandons that privilege upon being informed that criminal charges are in fact not going to be brought, that Defendant can always be re-deposed and any adverse inference is no longer an issue provided that the timing of his abandonment of said right leaves Plaintiff with sufficient opportunity to obtain discovery on all issues related to Plaintiff's claims. *See Harris v. City of Chicago*, 266 F.3d 750, 753-754 (7th Cir. 2001).

Because the Defendants have not been indicted on any criminal charges, any argument that Defendants may suffer harm as a result of denying the stay is premature and, at most,

speculative. An indefinite stay of civil proceedings is not necessary or proper to avoid speculative harm, and this factor also weighs against granting a stay.

**VI. <u>The interests of the Court and the public.</u>**

The last factor to be considered in granting a stay of civil proceedings concerns the interests of the court and the public. *Hollinger* at *10. With regards to this Court's interests, it is clear that "the Court has an interest in the speedy resolution of its cases. . ." *Id.* at *26; *see also Nowaczyk*, 146 F.R.D. at 175 ("the Court has an interest in moving the cases on its docket to an expeditious conclusion"). It is also well-settled that the public has an interest in the prompt resolution of civil actions. *See Jacksonville Savings Bank*, 326 Ill.App.3d at 1137; *see also Chagolla*, 529 F.Supp.2d 941 at 946-47 ("The public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law via the Civil Justice Reform Act of 1990. A stay quite obviously would impair that interest.") *Id.* Thus, the interests of the court and the general public weigh in favor of the Plaintiff.

**<u>CONCLUSION</u>**

It is to the sound discretion of this Court to decide whether to grant a stay. One alternative to a stay is to impose a protective order wherein all discovery that could call into question a Defendants' Fifth Amendment privileges be designated "attorneys' eyes only" and therefore be confidential. As such, discovery in the civil case could proceed while still alleviating Defendants' concerns and limiting the prejudice to Plaintiff. *See Garcia v. City of Chicago*, 06 C 4340 (N.D. Ill.) (indicted "SOS" defendant officers' motion for a stay denied as it was "not defensible for the plaintiff to be held hostage" during the pendency of the criminal proceedings and discovery ordered to proceed pursuant to a protective order designating any discovery implicating defendant's Fifth Amendment privileges as "attorneys' eyes only") (see docket

entries 45, 123- 125). For the foregoing reasons, the Plaintiff respectfully requests that Defendants' motion to stay be denied in its entirety.

Respectfully submitted,

/s/ Michael Oppenheimer

**CERTIFICATE OF SERVICE**

Michael Oppenheimer, a licensed attorney, states that on May 13, 2019, the foregoing was served on all counsel of record *via ECF*.

/s/ Michael Oppenheimer

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Ste. 200
Chicago, IL 60606
312-327-3370