IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY PIPPION, as Representative of the Estate of Larry Earvin,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIE HEDDEN, BENJAMIN BURNETT, BLAKE HAUBRICH ALEX BANTA, CAMERON WATSON, and STEVEN SNYDER,<br><br>    Defendants. | Case No. 19-3010 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Stay (d/e 25) filed by Defendant Willie Hedden and the Motion to Adopt Defendant Willie Hedden's Motion to Stay Pursuant to Federal Rule of Civil Procedure 10(c) (d/e 27) filed by Defendant Blake Haubrich, which the Court treats as a Motion to Stay. The Motions to Stay are GRANTED. Having balanced the interests of Plaintiff, Defendants, and the public, the Court concludes that the interests of justice require a stay of these proceedings.

# I. BACKGROUND

In January 2019, Plaintiff Larry Pippion, as the Representative of the Estate of Larry Earvin, filed suit against Defendants Hedden, Haubrich, Benjamin Burnett, and Alex Banta (Defendant Officers) in their individual capacities.  The Defendant Officers were employed by the Illinois Department of Corrections as correctional staff at the Western Illinois Correctional Center (Western) where Mr. Earvin was incarcerated.  Plaintiff also named Cameron Watson, the Warden of Western, and Steven Snyder, the Assistant Warden of Operations at Western, in their individual capacities.  Plaintiff is the son of Mr. Earvin, the decedent.

The Complaint alleges that, on May 17, 2018, the Defendant Officers beat and viciously attacked Mr. Earvin without just cause or provocation.  Mr. Earvin suffered severe injuries and ultimately died from his injuries on June 26, 2018.  The coroner ruled the manner of death was homicide.  Plaintiff brings §1983 excessive force, failure to intervene, and conspiracy claims, as well as various state law claims.

Defendants Hedden and Haubrich have moved to stay this case.  Defendant Hedden and his counsel in this case believe that

the U.S. Attorney's Office, in conjunction with the Federal Bureau of Investigation (FBI), is conducting grand jury proceedings to determine whether criminal charges will be brought against Hedden based on the same factual allegations alleged in the Complaint. Hedden Mem. at 1 (d/e 26). Defendant Hedden asserts that, absent a stay, he would have to decide whether to invoke his Fifth Amendment privilege against self-incrimination in the civil case, which could be used as a basis for an inference against him in the civil case. Defendant Haubrich adopts Defendant Hedden's motion and memorandum.

## II. ANALYSIS

While the Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings, a court may, in its discretion, stay the civil litigation if the interests of justice require a stay. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Jones v. City of Indianapolis, 216 F.R.D. 440, 450-51 (S.D. Ind. 2003). Whether to grant a stay due to parallel civil and criminal proceedings requires balancing the interests of the plaintiff, the defendants, and the public. Chagolla v. City of Chicago, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). The factors for

determining whether to grant a stay include: (1) whether the civil and criminal matters involve the same subject, (2) the posture of the criminal proceedings, (3) the effect of a stay on the public interest, (4) the burden that any particular aspect of the civil case may impose on the defendant if the stay is denied, (5) whether the government is involved in both cases, and (6) the civil plaintiff's interest in proceeding expeditiously.  Id.

Defendants argue the Motion to Stay should be granted because the criminal investigation and civil case are identical in nature and, even though charges have not been filed and a criminal proceeding is not pending, one or more Defendants is likely to face criminal charges.  They also assert that the public has an interest in ensuring that a criminal process is not tainted by civil litigation and that the burden on Defendants is significant in light of their Fifth Amendment rights against self-incrimination.

Plaintiff counters that it is not unconstitutional to require a defendant to choose between waiving his Fifth Amendment privilege or asserting it and potentially having negative inferences drawn therefrom.  Pl. Resp. at 9 (d/e 31).  Plaintiff further argues that most courts decline to stay civil proceedings when the defendant

has not yet been indicted, finding that in such cases, the alleged harm is speculative. Finally, Plaintiff asserts the interests of the Court and the public weigh against a stay.

The Court finds a stay is warranted here. The strongest case for staying civil proceedings is when a party is indicted for a serious criminal offense involving the same matter. Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). While no charges have been filed as yet against the Defendants, the purported criminal investigation involves the same matter at issue in this civil case, which favors a stay. See CMB Exp., LLC v. Atteberry, No. 4:13-CV-04051-SLD-JEH, 2014 WL 4099721, at *3 (C.D. Ill. Aug. 20, 2014) (finding the subject matter overlap between the civil issue and the potential criminal charges weighed in favor of a stay despite no indictments having been issued but concluding that a stay was ultimately not warranted based on other factors). Moreover, the potential charges here are serious as the case involves a death which was ruled a homicide by the coroner.

In addition, without a stay, Defendants would have to choose between invoking the Fifth Amendment in the civil case and risking an adverse inference. See Baxter v. Palmigiano, 425 U.S. 308, 318

(1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."). Although it is not unconstitutional to force Defendants to make this choice, the risk to Defendants' Fifth Amendment rights in this case is severe, given the nature of the potential charges and the factual overlap between the civil case and the criminal investigation.

Some courts have found the burden on a defendant's Fifth Amendment right is speculative when no indictment has been filed. See, e.g. Atteberry, 2014 WL 4099721, at *4 ("Before a criminal case has actually commenced against a defendant, the potential burden on his or her Fifth Amendment rights is more speculative."); United States ex rel. Shank v. Lewis Enters., Inc., No. 04-cv-4105-JPG, 2006 WL 1064072, at *4 (S.D. Ill. Apr. 21, 2006) (finding the burden-on-the-defendant factor only slightly favored a stay where no indictment had yet been filed). However, an indictment against one or more of the Defendant Officers appears probable—given the coroner's homicide conclusion—and the potential burden on Defendants' Fifth Amendment rights is severe, given the nature of the case. Cf. Wehling v. Columbia Broad. Sys., 608 F.2d 1084,

1089 (5th Cir. 1979), reh'g denied 611 F.2d 1026 (1980) (noting a stay on discovery was proper to prevent a party exercising a privilege from unnecessary adverse consequences); Shank, 2006 WL 1064072, at *4 (finding the burden on the defendant only slightly favored a stay, noting that an indictment against the defendants was not certain). The Court finds any unnecessary burden on Plaintiff can be avoided by limiting the stay of the civil proceedings for a period of three months or until indictments have been issued, after which the Court will reevaluate the necessity of a stay. See Chagolla, 529 F. Supp. 2d at 948 (holding a stay of four months was proper rather than an indefinite stay of the civil proceedings).

The public interest also weighs in favor of granting a stay. The public has an interest in both the prompt disposition of civil litigation and in ensuring criminal investigations proceed untainted by civil litigation. See id. at 947 (citing the impact of the Civil Justice Reform Act of 1990 in establishing the public interest in prompt civil litigation); Jones, 216 F.R.D. at 452 ("The public also has an important interest in a potential, untainted criminal prosecution . . . ."). Here, due to the seriousness of the potential charges against the Defendant Officers and the gravity of the

ongoing investigation, the public interest in an untainted criminal investigation outweighs the public's interest in the prompt resolution of the civil litigation.  See Salcedo v. City of Chicago, No. 09-cv-05354, 2010 WL 2721864, at *3 (N.D. Ill. July 8, 2010) (granting motion to stay, finding the seriousness of alleged criminal conduct and the need for the criminal investigation to proceed untainted by the civil litigation outweighed the public interest in prompt resolution of the civil litigation).

Some factors do weigh against granting a stay.  When the government is party to both the civil and criminal proceedings, there is a danger they will use civil discovery to circumvent the criminal investigation.  However, because the government is not a party to the civil litigation in this case the danger is not present. See generally Cruz v. Cty. of DuPage, No. 96 C 7170, 1997 WL 370194, at *3 (N.D. Ill. June 27, 1997) (noting that the danger of the government using criminal investigations to circumvent civil discovery is not present when the government is not involved in the civil case).

Further, Plaintiff has an interest in timely discovery, gathering evidence, and witness examination.  Wiltgen v. Webb, No. 9 C 5352,

2011 U.S. Dist. LEXIS 103604, at *8-9 (N.D. Ill. Sep. 13, 2011). Plaintiff expresses concern that witnesses may become unavailable and witnesses' memories may fade with time if a stay is granted. Plaintiff also asserts that if the case is stayed, the defendants' assets may not be available to pay any monetary judgment. While these concerns are valid, the witnesses will likely be interviewed as part of the criminal investigation, which affords some protection to Plaintiff's interests. In any event, when Plaintiff's interests are weighed against, the burden on the Defendants, and the public interest, Plaintiff's interests do not outweigh the need for a stay.

Therefore, in the interest of justice, this Court exercises its discretion to stay this civil case in its entirety. Any concerns about an indefinite stay will be alleviated by this Court regularly reconsidering the necessity of a stay.

### III. CONCLUSION

For the aforementioned reasons, the Motions to Stay (d/e 25, 27) are GRANTED. Defendants shall file a status report either (1) when any Defendant is indicted or (2) by October 1, 2019, whichever occurs first. The Court will then reevaluate the necessity of a stay.

The parties are DIRECTED to preserve all documents, video recordings, audio recordings, and any other potentially relevant evidence pertaining to this case.

**ENTERED: July 3, 2019**

**FOR THE COURT:**

    <u>s/Sue E. Myerscough</u>
    **SUE E. MYERSCOUGH**
    **UNITED STATES DISTRICT JUDGE**