## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY PIPPION, as Representative of the Estate of Larry Earvin,<br><br>    Plaintiff,<br><br>        v.<br><br>SGT. WILLIE HEDDEN, LT. BENJAMIN BURNETT, LT. BLAKE HAUBRICH, CORRECTIONAL OFFICER ALEX BANTA, WARDEN CAMERON WATSON, ASSISTANT WARDEN STEVE SNYDER, individually,<br><br>    Defendants. | No.: 19-cv-03010<br><br>JURY DEMAND<br><br>**DEFENDANT ALEX BANTA DEMANDS A JURY TRIAL ON ALL COUNTS** |

## DEFENDANT ALEX BANTA's
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, ALEX BANTA, by and through his attorneys, FeldmanWasser, and for his Answer and Affirmative Defenses to Plaintiffs First Amended Complaint, states as follows:

## **NATURE OF THE CASE**

Defendant admits that this is Plaintiff's characterization of the nature of the case, however, Defendant denies any implication from this characterization, that he deprived Larry Earvin of his

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **1** of 28

constitutionally protected rights resulting in his death as therein alleged.

## **PARTIES**

1.     Defendant admits that Larry Earvin was an Illinois Department of Corrections prisoner housed at Western Illinois Correctional Center, and that he died on June 26, 2018. Answering further, Defendant denies the remaining allegations of paragraph 1.

2.     Defendant admits that on or about May 17, 2018, Mr. Earvin was incarcerated at Western Correctional Center in Mount Sterling, Illinois. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 2.

3.     Defendant admits that the public court records in the Earvin Estate case show that Plaintiff has been appointed as Representative of the Earvin Estate. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 3.

4.     Defendant admits that all of the individuals named in paragraph 4 were employed by the Illinois Department of Corrections

as correctional staff at the Western Illinois Correctional Center where Mr. Earvin was incarcerated. The allegation that Defendant acted within the scope of his employment and under color of law are allegations of law to which no answer is required; but to the extent these are deemed allegations of fact, Defendant admits that his actions were within the scope of his employment and within the bounds of his authority. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 4.

5.     Defendant admits that Defendant Cameron Watson was employed by the Illinois Department of Corrections as the Warden at Western Illinois Correctional Center. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 5.

6.     Defendant admits that Defendant Steve Snyder was employed by the Illinois Department of Corrections as the Assistant Warden at Western Illinois Correctional Center. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 6.

7.     Defendant admits that Dusenberg, Whitaker, Smith, and

Hill worked at Western Illinois Correctional Center as part of the medical staff. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 7.

## JURISDICTION AND VENUE

8. Defendant admits that Plaintiff's First Amended Complaint claims relief under 42 U.S.C. §1983 and claims that jurisdiction is based on 28 U.S.C. §1331 and 1367. These are allegations of law to which no answer is required. Answering further, Defendant denies that this Court has jurisdiction over the wrongful death claims as stated in Defendant's Affirmative Defenses.

9. Defendant admits that Plaintiff's First Amended Complaint claims that venue is proper under 28 U.S.C. §139l(b). This is an allegation of law to which no answer is required.

## FACTUAL ALLEGATIONS

10. Defendant lacks knowledge as to the truth of the allegations of paragraph 10.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page 4 of 28

11. Defendant lacks knowledge as to the truth of the allegations of paragraph 11.

12. Defendant lacks knowledge as to the truth of the allegations of paragraph 12.

13. Defendant lacks knowledge as to the truth of the allegations of paragraph 13.

14. Defendant lacks knowledge as to the truth of the allegations of paragraph 14.

15. Defendant lacks knowledge as to the truth of the allegations of paragraph 14.

16. Defendant lacks knowledge as to the truth of the allegations of paragraph 16 as regards any other officer besides himself. Answering further, as to the allegation that Mr. Earvin was "dragged to segregation" by Defendant, as therein alleged, Defendant invokes his right under the Fifth Amendment.

17. Defendant lacks knowledge as to the truth of the allegations of paragraph 17 as regards any other officer besides himself. Answering further, Defendant denies the allegations herein alleged as directed to or about him, except that with regard to the allegation of "no video cameras" in the segregation area", Defendant

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

admits that he was aware that some places in the segregation unit had video cameras but he lacks sufficient information as to where there were or were not video cameras.

18.     Defendant lacks knowledge as to the truth of the allegations of paragraph 18.

19.     Defendant lacks knowledge as to the truth of the allegations of paragraph 19 as regards any other officer besides himself.  Answering further, as to the allegations herein alleged as directed to or about him, Defendant invokes his right under the Fifth Amendment.

20.     Defendant lacks knowledge as to the truth of the allegations of paragraph 20.

21.     Defendant lacks knowledge as to the truth of the allegations of paragraph 21.

22.     Defendant lacks knowledge as to the truth of the allegations of paragraph 22.

23.     Defendant lacks knowledge as to the truth of the allegations of paragraph 23.

24.     Defendant lacks knowledge as to the truth of the allegations of paragraph 24.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

25.    Defendant lacks knowledge as to the truth of the allegations of paragraph 25.

26.    Defendant lacks knowledge as to the truth of the allegations of paragraph 26.

27.    Defendant lacks knowledge as to the truth of the allegations of paragraph 27.

28.    Defendant lacks knowledge as to the truth of the allegations of paragraph 28.

29.    Defendant lacks knowledge as to the truth of the allegations of paragraph 29.

30.    Defendant lacks knowledge as to the truth of the allegations of paragraph 30.

31.    Defendant lacks knowledge as to the truth of the allegations of paragraph 31.

32.    Defendant lacks knowledge as to the truth of the allegations of paragraph 32.

33.    Defendant lacks knowledge as to the truth of the allegations of paragraph 33.

34.    Defendant lacks knowledge as to the truth of the allegations of paragraph 34.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **7** of **28**

35. Defendant lacks knowledge as to the truth of the allegations of paragraph 35.

36. Defendant lacks knowledge as to the truth of the allegations of paragraph 36.

37. Defendant lacks knowledge as to the truth of the allegations of paragraph 37.

38. Defendant lacks knowledge as to the truth of the allegations of paragraph 38.

39. Defendant lacks knowledge as to the truth of the allegations of paragraph 39.

40. Defendant lacks knowledge as to the truth of the allegations of paragraph 40.

41. Defendant lacks knowledge as to the truth of the allegations of paragraph 41.

42. Defendant lacks knowledge as to the truth of the allegations of paragraph 42.

43. Defendant lacks knowledge as to the truth of the allegations of paragraph 43.

44. Defendant lacks knowledge as to the truth of the allegations of paragraph 44 as regards any other officer besides

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **8** of **28**

himself. Answering further, as to the allegations of paragraph 44 directed against him, Defendant invokes his right under the Fifth Amendment.

45. Defendant lacks knowledge as to the truth of the allegations of paragraph 45.

46. Defendant lacks knowledge as to the truth of the allegations of paragraph 46.

47. Defendant lacks knowledge as to the truth of the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48 as directed to or about him.

49. Defendant lacks knowledge as to the truth of the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50 as directed to or about him.

51. Defendant lacks knowledge as to the truth of the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52 as directed to him. Answering further, Defendant lacks knowledge as to the truth of the allegations of paragraph 52 to the extent it is

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **9** of 28

directed about the knowledge of others.

53. Defendant lacks knowledge as to the truth of the allegations of paragraph 53.

54. Defendant admits the allegation in the first sentence of paragraph 54. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 54.

55. Defendant lacks knowledge as to the truth of the allegations of paragraph 55.

## COUNT I

56. Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

57. As to the allegations in paragraph 57 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 57.

58. As to the allegations in paragraph 58 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 58.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **10** of **28**

59.     As to the allegations in paragraph 59 as directed to or about him, Defendant invokes his right under the Fifth Amendment Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 59.

60.     As to the allegations in paragraph 60 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 60.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count I and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.


## COUNT II

61.     Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

62.     As to the allegations in paragraph 62 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 62.

63.  As to the allegations in paragraph 63 as directed to or about him, Defendant invokes his right under the Fifth Amendment Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 63.

64.  As to the allegations in paragraph 64 as directed to or about him, Defendant invokes his right under the Fifth Amendment Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 64.

65.  As to the allegations in paragraph 65 as directed to or about him, Defendant invokes his right under the Fifth Amendment Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 65.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count II and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

## COUNT III

Count III is not directed against Defendant so he makes no

answer to Count III.

## COUNT IV

74.    Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

75.    Defendant admits that at all relevant times Mr. Earvin was an inmate in the custody of IDOC.  Answering further, Defendant denies that "At all relevant times" Mr. Earvin was subject to Defendant's "care and medical services."  Answering further, Defendant lacks knowledge as to the truth of the allegations of paragraph 75 as they may be directed to or at any other defendant.

76.    This paragraph is an allegation of law to which no answer is required.

77.    Defendant lacks knowledge as to the truth of the allegations of paragraph 77 as they may be directed to or at any other defendant.  As to the allegations in paragraph 77 as directed to or about him, Defendant invokes his right under the Fifth Amendment.

78.    Defendant lacks knowledge as to the truth of the allegations of paragraph 78 as they may be directed to or at any other

defendant. As to the allegations in paragraph 78 as directed to or about him, Defendant invokes his right under the Fifth Amendment

79. Defendant lacks knowledge as to the truth of the allegations of paragraph 79 as they may be directed to or at any other defendant. As to the allegations in paragraph 79 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the allegations of paragraph 79 as directed to the other named individuals, including.

80. Defendant lacks knowledge as to the truth of the allegations of paragraph 80.

81. As to the allegations in paragraph 81 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 81.

82. As to the allegations in paragraph 82 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 82.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **14** of **28**

83.    This paragraph is an allegation of law to which no answer is required.  Answering further, to the extent the allegations in this paragraph are deemed factual allegations, Defendant invokes his right under the Fifth Amendment.

84.    Defendant denies the allegations in paragraph 84 as directed to or about him.    Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 84.

85.    This paragraph is an allegation of law to which no answer is required.    Answering further, to the extent the allegations in this paragraph are deemed factual allegations, Defendant invokes his right under the Fifth Amendment.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count IV and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

## COUNT V

86.    Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

87.    As to the allegations in paragraph 87 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 87.

88.    As to the allegations in paragraph 88 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 88.

89.    As to the allegations in paragraph 89 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 89.

90.    As to the allegations in paragraph 90 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 90.

91.    As to the allegations in paragraph 91 as directed to or about him, Defendant invokes his right under the Fifth Amendment. Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 91.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count V and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

## COUNT VI

92.    Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

93.    The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.  To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 93.

94.    The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.  To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations

directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 94.

95.     The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.  To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 95.

96.     The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count VI and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

## COUNT VII

97.     Defendant realleges and hereby incorporates by reference

as though fully set forth herein his answers to all prior paragraphs.

98.     The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.  To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 98.

99.     The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.  To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 99.

100.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.  To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations

directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 100.

101. The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count VII and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

**COUNT VIII**

102. Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

103. The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

104. The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required. To the extent that the allegation in this

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **20** of 28

paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 104.

105.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.  To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 105.

106.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count VIII and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

## COUNT IX

107.   Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

108.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.   To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph  108.

109.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.   To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph  109.

110.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to

which answer is required. To the extent that the allegation in this paragraph is deemed an allegation of fact, as to the allegations directed to or about him, Defendant invokes his right under the Fifth Amendment; and Answering further, Defendant lacks knowledge as to the truth of the remaining allegations of paragraph 110.

111. The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

112. Defendant admits that Plaintiff makes the claims as alleged in this paragraph but as to any implication from this paragraph that Defendant is liable for the wrongful death of Mr. Earvin or for the loss, expense, damage and anguish as alleged in this paragraph, Defendant invokes his right under the Fifth Amendment.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count IX and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

## COUNT X

113.   Defendant realleges and hereby incorporates by reference as though fully set forth herein his answers to all prior paragraphs.

114.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

115.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

116.   The allegation in this paragraph is a legal conclusion or an allegation of a factual conclusion and not an allegation of fact to which answer is required.

117.   Defendant admits that Plaintiff makes the claims as alleged in this paragraph but as to any implication from this paragraph that Defendant is liable for the wrongful death of Mr. Earvin or for the loss, expense, damage and anguish as alleged in this paragraph, Defendant invokes his right under the Fifth Amendment.

Wherefore Defendant Banta prays that this Court enter judgment in his favor on Count X and against Plaintiff and award Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

**COUNT XI**

No answer is required as this Count has been dismissed.

## AFFIRMATIVE DEFENSES

I.     For his Affirmative Defense to the allegations of Count I and Count II and Counts IV through Count IX, Defendant, ALEX BANTA, states he is entitled to qualified immunity with respect to any act or omission performed in the course of his duties relating to Plaintiffs decedent.

2.     For his Second Affirmative Defense to the allegations of Count VIII, Defendant, ALEX BANTA, states that this Court lacks subject matter jurisdiction to the extent Plaintiff's claim is based upon negligence or willful and wanton conduct as alleged and the evidence at trial establishes no violation of statutory or constitutional law or that Defendant ALEX BANTA acted in excess of his authority,

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

for the subject matter jurisdiction of such claims lies only with the Illinois Court of Claims and Defendant, ALEX BANTA, is entitled to immunity in this Court from such claims.

3.  For his First Affirmative Defense to the allegations of Count X, Defendant, ALEX BANTA, states that this Court lacks subject matter jurisdiction to the extent Plaintiff's claim is based upon negligence or willful and wanton conduct as alleged, and the evidence at trial establishes no violation of statutory or constitutional law or that Defendant ALEX BANTA acted in excess of his authority, for the subject matter jurisdiction of such claims lies only with the Illinois Court of Claims and Defendant, ALEX BANTA, is entitled to immunity in this Court from such claims.

4.  For his Second Affirmative Defense to the allegations of Count X, Defendant, ALEX BANTA, denies that Plaintiff may seek punitive damages in a wrongful death claim as such damages are not allowed under Illinois law.

WHEREFORE, Defendant, ALEX BANTA, prays that the Court find that Defendant has established each of his Affirmative Defenses and should enter judgment in his favor and against Plaintiff for each of the counts in Plaintiff's First Amended Complaint and to award

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **26** of 28

Plaintiff Defendant Banta his costs and reasonable attorneys fees and such further relief as the Court deems just and appropriate.

**DEFENDANT DEMANDS TRIAL BY JURY**

**ON ALL COUNTS OF**

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

ALEX BANTA, Defendant,

BY:  _/s/Stanley N. Wasser_____
Stanley N. Wasser, #02947307
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page 27 of 28

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ronak P. Maisuria       ronak@eolawus.com

Michael Oppenheimer      michael@eolawus.com

Jon F. Erickson       jon@eolawus.com

Theresa M. Powell      tpowell@heylroyster.com

Richard D. Frazier      frazier@springfieldlawfirm.com

Laura K. Bautista      LBautista@atg.state.il.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable

/s/Stanley N. Wasser
Stanley N. Wasser, #02947307
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page 28 of 28