# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

LARRY PIPPION, as Representative of    )
the Estate of Larry Earvin,    )
   )
     Plaintiff,    )
   )
   -vs-    )    No. 19-3010-SEM
   )
SGT. WILLIE HEDDEN, LT. BENJAMIN  )
BURNETT, LT. BLAKE HAUBRICH,    )
C/O ALEX BANTA, WARDEN    )    **JURY TRIAL DEMANDED**
CAMERON WATSON, ASST. WARDEN  )
STEVE SNYDER, Individually, et al.,    )
   )
     Defendants.    )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMEMDED COMPLAINT

NOW COME the Defendants, Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, state as follows:

## NATURE OF THE CASE

This is an action seeking remedies for the deprivation of Larry Earvin's constitutionally protected rights resulting in his death while in the custody of the Illinois Department of Corrections (hereinafter "IDOC").

ANSWER: Defendants admit plaintiff has described the nature of this action, but deny he is entitled to any relief in this matter.

**PARTIES**

1.      Larry Earvin, the decedent, was a 65-year-old prisoner housed at Western Illinois Correctional Center. He died on June 26, 2018 as a result of a violent physical attack upon him by some of the Defendants that occurred on or about May 17, 2018.

ANSWER: Defendants admit Larry Earvin was formerly housed at Western Illinois Correctional Center and that he died on June 26, 2018. Defendants deny any claim they attacked Plaintiff at any time and deny seeing any other Defendants attack Plaintiff at any time, but lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

2.      At the time of the incident, Mr. Earvin was incarcerated at Western Illinois Correctional Center in Mount Sterling, Illinois. He was imprisoned in 2015 for robbery/theft, and he was scheduled to be released from custody in September 2018.

ANSWER: Defendants admit the allegations in paragraph 2.

3.      Plaintiff, Larry Pippion, is the son of the decedent and has been appointed Representative of Mr. Earvin's estate.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

4.      At all relevant times, Defendants Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, Huges, Lindsey, Session, Durell, Eichelberger, Shipman, and Wohlfiel were law enforcement officers employed by the IDOC as correctional staff at the Western Illinois Correctional Center where Mr. Earvin was incarcerated. At all relevant times, these Defendant Officers were acting within the scope of their employment and under color of law. They are sued in their individual capacities.

ANSWER: Defendants admit Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, Hughes, Lindsey, Session, Durell, Eichelberger, Shipman, and Wohlfiel were employed as security staff at Western Illinois Correctional Center. Defendants lack sufficient knowledge to admit or deny whether Hedden, Haubrich, Banta, or Sheffler were, at all relevant times, acting within the scope of their employment and under color of law. Defendants admit that Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, Hughes, Lindsey, Session, Durell, Eichelberger, Shipman, and Wohlfiel were acting within the scope of their employment and under color of law. Defendants admit that the people identified in this paragraph are being sued in their individual capacities.

5. At all relevant times, Defendant Cameron Watson was the Warden at the Western Illinois Correctional Center and an employee of the IDOC. Defendant Watson was responsible for the implementation, oversight, and supervision of policies and practices at Western Illinois, and the oversight and discipline of staff there. At all relevant times, Defendant Watson was acting under color of law and within the scope of his employment. He is sued in his individual capacity.

ANSWER: Defendants deny paragraph 5 contains a complete and accurate statement of defendant Watson's duties, but admit the remaining allegations contained in this paragraph.

6. On information and belief, at all relevant times, Defendant Steve Snyder was the Assistant Warden of Operations at Western Illinois and an employee of the IDOC. Defendant Snyder was responsible for the implementation, oversight, and supervision of policies and practices at Western Illinois, and the oversight and discipline of staff there. At all relevant times, Defendant Snyder was acting under color of law and within the scope of his employment. He is sued in his individual capacity.

ANSWER: Defendants deny paragraph 6 contains a complete and accurate statement of defendant Snyder's duties, but admit the remaining allegations contained in this paragraph.

7. At all relevant times, Defendants Duesenberg, Whitaker, Smith, Hill, and Conley (hereinafter "Medical Staff Defendants") worked at Western Illinois Correctional Center as part of the medical staff. At all relevant times, the Medical Staff Defendants were acting under color of law and within the scope of their employment. They are sued in their individual capacities.

ANSWER: Defendants deny that Conley and Hill were medical staff at Western Correctional Center. Defendants admit Whitaker and Smith were medical staff at Western Illinois Correctional Center. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8. This case includes claims for relief under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1331 and 1367.

ANSWER: Defendants deny the Court has jurisdiction over plaintiff's claims based on state law. Defendants admit jurisdiction is otherwise proper. Defendants admit Plaintiff claims relief under 42 U.S.C. § 1983 but deny Plaintiff is entitled to relief.

9. Venue is proper under 28 U.S.C. § 1391(b).

ANSWER: Defendants admit the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

### The Initial Physical Encounter Between Correctional Staff and Mr. Earvin

10. On or about May 17, 2018, at or about 1:10 p.m., Defendant Syrcle verbally engaged with Mr. Earvin. This encounter caused Defendant Syrcle to call for Defendant Burnett.

ANSWER: Defendants admit that Syrcle and Larry Earvin interacted on May 17, 2018 at or about 1:10 p.m. Defendants Syrcle and Burnett admit that Defendant Syrcle called Defendant Burnett because of his interaction with Earvin.

Defendants Cody Arens, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

11. At or about 1:20 p.m., Defendant Burnett entered the wing where Mr. Earvin and Defendant Syrcle were.

ANSWER: Defendants Syrcle, Snell, and Burnett admit the allegations in paragraph 11.

Defendants Cody Arens, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Jason Sorrells, Susan Surratt, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge or information to admit or deny the allegations in paragraph 11.

12.    At or about 1:23 p.m., Defendants Snell, Burnett, and Syrcle engaged in a physical alteration with Mr. Earvin.

ANSWER: Defendants Syrcle, Snell, and Burnett admit the allegations in paragraph 12. Defendants Cody Arens, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Jason Sorrells, Susan Surratt, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge or information to admit or deny the allegations in paragraph 12.

13.    During the foregoing altercation, without just cause or provocation, Defendant Burnett pepper sprayed Mr. Earvin.

ANSWER: Defendants Burnett, Syrcle, and Snell admit Defendant Burnett pepper sprayed Mr. Earvin. Defendants Burnett, Syrcle, and Snell deny that Burnett acted without just cause or provocation. Defendants Cody Arens, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Jason Sorrells, Susan Surratt, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

14.    Lt. Burnett then called a Code 1 (Staff in Distress), to which various Defendants, including without limitation Defendants Hedden, Hendricks, Banta, and Sheffler, responded.

ANSWER: Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil admit Lt. Burnett then called a Code 1 (Staff in Distress) and that various defendants responded, including Hedden, Hendricks, Banta, and Sheffler.

Josh Eichelberger lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

15.    Defendants Burnett, Snell, and Syrcle handcuffed Mr. Earvin behind his back.

ANSWER: Defendants Burnett, Snell, and Syrcle admit the allegations in paragraph 15. Defendants Cody Arens, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Jason Sorrells, Susan Surratt, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

16.    At or about 1:25 p.m., Mr. Earvin was then dragged to segregation by various Defendant Officers, including without limitation Defendants Hedden, Hendricks, Banta, and Sheffler.

ANSWER: Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard

Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil admit that, at or about 1:25 p.m., Larry Earvin was taken to segregation by various Defendant Officers, including Hedden, Hendricks, Banta, and Sheffler. Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil deny that Larry Earvin was "dragged" to segregation.

Josh Eichelberger lacks sufficient knowledge to admit or deny the allegations in this paragraph.

17. Once in the segregation area at or about 1:30 p.m. and with knowledge that this was an area where there were no video cameras to capture what would occur, Defendants Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, and Huges either beat and viciously attacked Mr. Earvin while he was on the ground and handcuffed behind his back or observed this and failed to intervene despite having a reasonable opportunity to do so. The beating administered to Mr. Earvin includes without limitation the Defendants punching and kicking Mr. Earvin in his ribs repeatedly and striking him about the head.

ANSWER: Defendants Cody Arens, Jonathon McQuillen, and Bradley Pool admit that they were in the segregation area at or around 1:30 p.m., but deny beating or viciously attacking Earvin in segregation, and deny observing anyone else beating or attacking Mr. Earvin. Defendants Benjamin Burnett, Phillip Chenoweth, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Michael Radecki, Jonathon Richmiller, Tyler Shaw, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, and Steve Thomas deny being in the segregation

area on May 17, 2018, deny beating or viciously attacking Mr. Earvin in segregation, and deny observing anyone else beating or attacking Mr. Earvin. Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, Tyler Shaw, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, and Steve Thomas deny they failed to intervene and deny they had an opportunity to intervene.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18. Witness statements indicate that up to 30-40 officers were involved and/or present as Mr. Earvin was beaten to the point that he would eventually succumb to his injuries and die weeks later.

ANSWER: Defendants admit there is one witness statement indicating there were 30-40 officers "involved." Defendants deny that there is more than one witness statement making this claim. Defendants admit that Larry Earvin died. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

19. As the beating was occurring, none of the Defendant Officers intervened in their fellow officers' use of force despite having a reasonable opportunity to do so.

ANSWER: Defendants deny that they observed any alleged beating, and therefore deny that they had a reasonable opportunity to intervene but did not do so. Because Defendants did not observe any alleged beating, they lack knowledge or information sufficient to form a belief regarding whether any other Defendant Officers had a reasonable opportunity to intervene but did not do so.

20.   At or about 1:45 p.m., Defendant Nurse Duesenberg arrived at Mr. Earvin's cell and performed a medical assessment. Despite the obvious severity and nature of Mr. Earvin's extensive injuries which would have been immediately visible to her, Defendant Duesenberg failed to provide Mr. Earvin with adequate medical attention or procure him the necessary emergency medical attention, instead simply cleaning various abrasions, bandaging his bleeding head, and performing a vitals check. She noted only that his nose was running (presumably from the OC spray), he had cuts on his forehead, and that he had abrasions to his left shoulder, left knee, and left toe.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

21.   Defendant Duesenberg was aware from her assessment that Mr. Earvin had been seriously injured, including without limitation that he had sustained injuries that affected his ability to properly breathe.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

22.   Defendant Duesenberg falsified medical reports to indicate that Mr. Earvin had only minor injuries and did not complain of any pain other than his head/face area. Her report of her initial assessment indicates that Mr. Earvin was in "minimal distress" despite "facial grimacing and audible grunting present" and that he was "coached to breath[e] in through nose and out through mouth."

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

23.    Duesenberg's report indicates that the plan for treatment was to place Mr. Earvin on continuous watch, administer ibuprofen for pain, re-evaluation in the afternoon by the nurse on shift, and a "follow-up at final destination due to being transferred out tomorrow 5/18/18 per security."

ANSWER: Defendants admit that Duesenberg indicated in a report that the plan for treatment was to place Mr. Earvin on continuous watch, administer ibuprofen for pain, to be re-evaluated by the nurse, and a follow-up at final destination due to being transferred out tomorrow 5/18/18 per security.

24.    Recognizing the severity of Mr. Earvin's injuries and not wanting to be subject to investigation or repercussions, as Mr. Earvin was slowly dying from his injuries, the Defendants had devised a plan to transfer Mr. Earvin in the morning to another facility.

ANSWER: Defendants deny that they devised a plan to transfer Mr. Earvin because of the severity of his injuries and not wanting to be subject to investigation or repercussions. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

25.    Defendant Lt. Lindsey was present for Duesenberg's initial medical assessment of Mr. Earvin and observed Mr. Earvin's extensive and obvious severe medical injuries, but did nothing to procure him the immediate emergency medical attention he required.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

26.    At or about 1:50 p.m., Defendant Watson and Deputy Director Eilers were notified of the altercation between staff and Mr. Earvin.

ANSWER: Defendants admit the allegations contained in this paragraph.

27.    While Mr. Earvin lay in a cell suffering from the injuries that would shortly thereafter claim his life, medical staff treated the Defendants who viciously attacked him for the various scratches they had received while beating him and administered tetanus shots to some of the officer Defendants because they had been exposed to Mr. Earvin's blood while they beat him to death

ANSWER: Defendants Burnett, Syrcle, and Snell admit that they were treated by medical staff. Defendants Burnett, Syrcle, and Snell deny that the injuries they were being treated for occurred during any attack on Earvin, and deny that they viciously attacked Earvin. Defendants Burnett, Syrcle, and Snell lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 27.

Defendant Looker admits that some of the Defendants were treated by medical staff on May 17, 2018, but lacks knowledge or information sufficient to admit or deny whether those Defendants viciously attacked Earvin. Defendant Looker lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 27.

Defendants Cody Arens, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Jason Sorrells, Susan Surratt, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

28.    At or about 2:15 p.m., Defendant Session had contact with Mr. Earvin in which he observed Mr. Earvin's extensive and obvious serious medical injuries and did nothing other than photograph them.

ANSWER: Defendants admit Defendant Sessions had contact with Mr. Earvin around 2:15 p.m. on May 17, 2018. Defendant Sessions admits that he was able to observe some of Mr. Earvin's

injuries, but denies that he was able to observe all of his injuries and denies that he was aware that Mr. Earvin's injuries were extensive or obviously serious medical injuries. Defendant Sessions admits that he photographed Mr. Earvin's injuries.

Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil lack knowledge or information sufficient to admit or deny the allegations in paragraph 28.

29. At or about 2:30 p.m., Defendant Conley placed Mr. Earvin under a crisis care watch due to "unusual behavior that [was] concerning and need for further observation." Despite observing Mr. Earvin's extensive and obvious serious medical injuries, Defendant Conley did nothing to obtain Mr. Earvin the immediate emergency medical attention he required.

ANSWER: Defendants admit that Earvin was placed on a crisis watch due to "unusual behavior that is concerning and need for further observation." Defendants deny that Defendant Conley was the person who placed Mr. Earvin on the crisis watch. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

30. At or about 3:00 p.m., Defendants Hubbard and Eichelberger moved Mr. Earvin from his segregation cage to cell Receiving 38 so he could be placed on "continuous watch" (where there was to be both verbal and visual line of sight monitoring continuously) at which time Mr. Earvin vomited on the Defendants and the floor. Despite observing Mr. Earvin's extensive and obvious serious medical injuries, these Defendants did nothing to obtain Mr. Earvin the necessary medical attention, instead simply going to complete workman's compensation packets in the event something adverse happened to them from their contact with Mr. Earvin's vomit.

ANSWER: Defendants deny that Hubbard is a Defendant. Defendant Eichelberger admits

that at or about 3:00 p.m., he and Hubbard moved Mr. Earvin from the segregation cage to receiving 38, and that Mr. Earvin vomited on Eichelberger and the floor. Defendant Eichelberger denies that Mr. Earvin was not receiving the necessary medical attention. Defendant Eichelberger admits that he did obtain a workers' compensation packet. Defendant Eichelberger lacks sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

31.     Defendant Hill initiated the continuous watch for Mr. Earvin.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

32.     It was clear to Defendant Hill that Mr. Earvin's condition was critical and that he required immediate emergency medical attention. Rather than procuring him the necessary immediate emergency medical attention, she falsely noted in her medical paperwork as part of a conspiracy to possibly cover up Mr. Earvin's imminent death that there had been reports that Mr. Earvin was at risk for suicide and that he was acting strangely. She indicated that he was unable to answer questions and characterized his loss of consciousness as "falling asleep."

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

33.     Defendants Duesenberg and Smith were made aware that Mr. Earvin was vomiting. At this point, having no choice but to expand the universe of individuals who would become aware of this incident, Smith discussed Mr. Earvin's condition with one of the doctors on call via telephone.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

34.     Smith did not fully apprise the doctor on the phone of the reality of Mr. Earvin's condition, instead limiting the information provided to the fact that he was vomiting and minimizing the nature of his injuries. Due to this misinformation, the recommendation obtained was to transfer Mr. Earvin to the Health Care Unit's infirmary and conduct neurological checks.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

35.     Had Smith told the truth regarding Mr. Earvin's obvious critical condition, the recommendation would have been to get him immediate emergency medical attention.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

36.     Despite being ordered to conduct neurological checks, none of the medical staff Defendants involved who were responsible for Mr. Earvin's care and his physical well-being appropriately did so. They prepared a form titled "Flow Sheet" in which they put together a neurological checklist of vitals to be taken and observations regarding Mr. Earvin's mental state, pupils muscle tone, and movements to be logged. The Defendants failed to log anything on the Flow Sheet because they recognized that Mr. Earvin's condition was grave and they did not want to leave a paper trail regarding their recognition of such and their abysmal failure to abide by their oaths when they ignored his condition and refused to obtain him the necessary medical care.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations

contained in this paragraph.

37. At or about 3:15 p.m. and then again approximately half an hour later, Defendant Durell had contact with Mr. Earvin in which he observed Mr. Earvin's extensive and obvious serious medical injuries and did nothing to procure him the necessary emergency medical attention.

ANSWER: Defendant Durrell admits he had contact with Mr. Earvin in the afternoon of May 17, 2018, but lacks sufficient knowledge to admit or deny when that contact occurred. Defendant Durrell denies that he observed extensive and obvious serious medical injuries and denies that he did nothing to procure Mr. Earvin necessary emergency medical attention.

Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

38. Between about 3:00 p.m. when he was placed in Receiving 38 and the time he departed the facility via ambulance, Defendants Hill, Eichelberger, Shipman, and Wohlfiel had contact with Mr. Earvin in which as part of the continuous watch on which he had been placed, they observed Mr. Earvin's extensive and obvious serious medical injuries and did nothing to procure him the necessary emergency medical attention.

ANSWER: Defendants Eichelberger, Shipman, and Wohlfiel admit that they had contact with Mr. Earvin. Defendants Eichelberger, Shipman, and Wohlfiel deny that they observed extensive and obvious serious medical injuries and deny that they did nothing to procure him necessary emergency medical attention. Defendants Eichelberger, Shipman, and Wohlfield lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, and Steve Thomas lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

39.    At or about 3:59 p.m., Defendant Watson came to Receiving 38 and had contact with Mr. Earvin in which he observed Mr. Earvin's extensive and obvious serious medical injuries and did nothing to procure him the necessary emergency medical attention.

ANSWER: Defendant Scott Shipman admits Warden Watson had contact with Mr. Earvin at approximately 4:00 p.m., but lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 39.

Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

40.    The gravity of the situation and the critical nature of Mr. Earvin's condition was obvious to those who had observed him.

ANSWER: Defendants deny the allegations contained in this paragraph.

41.    At or about 4:15 p.m., Defendants Durell, Eichelberger, and Duesenberg pushed Earvin in a wheelchair to the Health Care Unit and placed him in an isolation cell. During this transfer, he vomited again, and his head was bleeding. Despite observing his extensive and obvious serious medical injuries, none of these Defendants procured him the necessary emergency medical attention.

ANSWER: Defendants Durrell and Eichelberger admit that they pushed Earvin in a wheelchair to the Healthcare Unit and placed him in an isolation cell and that Defendant Duesenberg was present when Mr. Earvin was being pushed in the wheelchair. Defendants Durrell and Eichelberger lack knowledge or information sufficient to form a belief regarding whether Defendant Duesenberg actually pushed Mr. Earvin's wheelchair. Defendants Durrell and Eichelberger deny that they observed extensive and obvious serious medical injuries and did not procure him the necessary emergency medical attention. Defendants Durrell and Eichelberger lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

Defendants Cody Arens, Benjamin Burnett, Phillip Chenoweth, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

42.     After the transfer to the Health Care Unit, Duesenberg telephoned the doctor and informed him that there was a change in Mr. Earvin's vitals – his oxygen levels were lower and he was having difficulty breathing. The doctor advised that Mr. Earvin should be sent to an outside hospital, and finally, over three hours after the vicious, violent attack by the Defendant Officers in which Mr. Earvin was beaten to the point where his injuries were visibly apparent and obviously severe to all who observed him in this time period, an ambulance was called.

ANSWER: Defendants admit an ambulance was called. Defendants deny that they violently attacked Earvin. Defendants deny that Earvin's injuries were visibly apparent and obviously severe to all who observed him. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

43. At or about 4:40 p.m., an ambulance was finally on the grounds. Emergency medical staff transported Mr. Earvin to Culbertson Memorial Hospital via ambulance.

ANSWER: Defendants admit that Mr. Earvin was transported to Culbertson Memorial Hospital via ambulance. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

44. Reports by the Defendant Officers involved, including without limitation Defendants Hedden and Banta, falsely indicate that Mr. Earvin was turned over to staff in segregation "without further incident."

ANSWER: Defendants admit that Defendants Hedden and Banta completed reports in which they stated that Mr. Earvin was turned over to staff in segregation without further incident.

Defendants Burnett, Snell, Syrcle, and Eichelberger admit they wrote incident reports. Defendants Burnett, Snell, Syrcle, and Eichelberger deny that they falsely indicated that Mr. Earvin was turned over to staff in segregation "without further incident." Defendants Burnett, Snell, Syrcle, and Eichelberger lack sufficient knowledge to admit or deny whether the incident reports written by Hedden and Banta were false.

Defendants Cody Arens, Phillip Chenoweth, Eddie Durell, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Jason Sorrells, Susan Surratt, Steve Thomas, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

## Mr. Earvin's Physical Injuries

45.     Once Mr. Earvin arrived at Culbertson at approximately 5:37 p.m., medical staff there immediately recognized they were ill-equipped to handle Mr. Earvin's grave condition and he was airlifted via helicopter to St. John's Hospital in Springfield, Illinois. Prior to being airlifted, he was intubated.

ANSWER: Defendants admit that, after arrival at Culbertson Memorial Hospital, Mr. Earvin was airlifted to St. John's Hospital in Springfield. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

46.     Mr. Earvin was received at St. John's at approximately 8:20 p.m. Once there, he was diagnosed with approximately 15 rib fractures, multiple abrasions, lacerations, and hemorrhages, and severe neurological and internal injuries. By the morning of May 18, he was intubated and on full ventilator support with no neurological response or corneal reflex. He was diagnosed with a large left frontal hematoma to his head. He had undergone surgery due to low blood pressure and bleeding out. He was diagnosed with an intercostal artery bleed and a mesenteric bleed secondary to assault. He had surgery to remove a portion of his bowel, leading to an ileostomy bag being placed for waste removal. His blood loss was severe and he required rapid blood transfusion during his surgical procedures. In short, his condition was critical from the beating he had sustained less than 24 hours earlier, and he was at death's door.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

47.     In addition to the foregoing, as a result of the chest trauma he sustained from the altercation, Mr. Earvin had pneumonia, a tracheostomy tube, and a chest tube to drain fluids.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

48.     As a direct result of Defendants' misconduct, Mr. Earvin experienced unnecessary pain and suffering. He succumbed to his injuries and died on June 26, 2018.

ANSWER: Defendants deny that they engaged in any misconduct which caused pain and suffering to Mr. Earvin. Defendants admit that Mr. Earvin died on June 26, 2018. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

49.     Following his death, the pathologist who conducted Mr. Earvin's autopsy concluded that Mr. Earvin died of blunt trauma to the chest and abdomen. His manner of death was ruled a homicide.

**RESPONSE:** Defendants admit the allegations contained in paragraph 49.

50.     As a direct result of Defendants' misconduct, Plaintiff Pippion suffered injury, including without limitation extreme pain and suffering caused by the untimely death of his father, Mr. Earvin.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

### Violence Against Prisoners By Staff At Western Illinois Correctional Center Was Pervasive And Well-Known

51.     The attack on Mr. Earvin was not an isolated incident at Western Illinois as unjustified violence against prisoners at the facility is a common occurrence.

ANSWER: Defendants deny the allegations contained in this paragraph.

52.     It was common knowledge amongst medical staff, correctional staff, and supervisory personnel that correctional officers were routinely taking inmates to holding cells in segregation and beating them in these locations due to the absence of cameras.

ANSWER: Defendants deny the allegations contained in this paragraph.

53. Despite this widespread culture of violence, Defendants Watson and Snyder failed to take any meaningful action to prevent prisoners like Mr. Earvin from being harmed by officers charged with protecting them.

ANSWER: Defendants deny the allegations contained in this paragraph.

54. IDOC policy requires officers who use force to write reports documenting the circumstances surrounding that use of force. On information and belief, Defendants Watson and Snyder reviewed these reports as well as grievances that may have been written complaining about prior instances of excessive force.

ANSWER: Defendants admit IDOC policy requires officers who use force to submit incident reports. Defendants admit Watson and Snyder review some incident reports and grievances related to use of force, but deny they see all such documents.

55. Despite their awareness of the issue, Defendants Watson and Snyder failed to provide adequate supervision, discipline or training, or take any action to prevent repeated instances of excessive force by their co-Defendants.

ANSWER: Defendants deny the allegations contained in this paragraph.

**COUNT I – 42 U.S.C. §1983 – Excessive Force Constituting Cruel and Unusual Punishment (Eighth Amendment Claim Against Defendants Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, and Huges)**

56. All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

57. As set forth above, the Defendant Officers intentionally used force against Mr. Earvin, causing his death. Their use of force was unreasonable in light of the facts and circumstances present at the time that the force was used.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny, as alleged above, intentionally using force against Mr. Earvin causing his death.

Defendants Burnett, Syrcle, and Snell deny that their use of force was unreasonable in light of the facts and circumstances present at the time that the force was used.

Defendants Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny using any force.

Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge regarding whether any other Defendant officers used force as alleged above, whether any such use of force cause Mr. Earvin's death, or whether any use of force as alleged above was unreasonable.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

58. In using force against Mr. Earvin, the Defendant Officers intentionally used excessive cruelty toward him for the very purpose of causing harm, and not in a good faith effort to maintain or restore security or discipline.

ANSWER: Defendants Burnett, Syrcle, and Snell deny that their use of force was an

intentional use of excessive cruelty for the very purpose of causing harm. Defendants Burnett, Syrcle, and Snell deny that their use of force was not in a good faith effort to maintain or restore security or discipline.

Defendants Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny using any force.

Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge regarding whether any other Defendant officers used force, or whether any use of force was an intentional use of excessive cruelty for the very purpose of causing harm, and not in a good faith effort to maintain or restore security or discipline.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

59.   In the alternative, the Defendant Officers knew that using force presented a risk of harm to Mr. Earvin, but recklessly disregarded that risk and Mr. Earvin's safety by failing to take reasonable measures to minimize that risk of harm.

ANSWER: Defendants deny the allegations contained in this paragraph.

60.   As a result of the unjustified and unconstitutional conduct of these Defendants, Mr. Earvin sustained damages including pain, suffering, emotional distress, injury, and death.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt,

Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny that they engaged in unjustified or unconstitutional conduct that caused damages to Mr. Earvin.

Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge regarding whether any other Defendant accused in Count I engaged in unjustified or unconstitutional conduct that caused damages to Mr. Earvin.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

### COUNT II – 42 U.S.C. §1983 – Failure to Intervene
**(Eighth Amendment Claim Against Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, Huges, Watson, and Snyder)**

61.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

62. As set forth above, all of the Defendants had a reasonable opportunity to prevent the violation of Mr. Earvin's constitutional rights, but they failed to do so.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny that they had a reasonable opportunity to prevent the violation of Mr. Earvin's rights, and therefore further deny that they failed to do so. Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge regarding whether any other Defendants had a reasonable opportunity to intervene, but failed to do so.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

63. Defendants knew and were aware of a substantial risk of harm to Mr. Earvin's safety, but consciously disregarded that risk by failing to take reasonable steps to prevent the harm from occurring.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny that they knew or were aware of a substantial risk of harm to Mr. Earvin's safety, deny consciously disregarding the alleged risk, and deny failing to take reasonable steps to prevent the alleged harm from happening. Defendants

Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge regarding whether any other Defendants knew or were aware of a substantial risk of harm to Mr. Earvin's safety but consciously disregarded that risk by failing to take reasonable steps to prevent the harm.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

64. Defendants' failures to act were intentional, done with malice, and/or done with deliberate indifference to Mr. Earvin's rights.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny that they intentionally failed to act, and deny that they acted with malice or deliberate indifference to Mr. Earvin's rights. Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge regarding whether any other Defendants intentionally failed to act, with malice or deliberate indifference to Mr. Earvin's rights.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

65. Due to the Defendants' unconstitutional failure to intervene, Mr. Earvin sustained damages including pain, suffering, emotional distress, injury, and death.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny that they unconstitutionally failed to intervene. Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge regarding whether any other Defendants unconstitutionally failed to intervene, or whether any alleged failure to intervene caused damages to Mr. Earvin.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

### COUNT III – 42 U.S.C. §1983 – Failure to Protect
### (Eighth Amendment Claim Against Watson and Snyder)

66. All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

67.    Mr. Earvin's injuries were proximately caused by the policies and practices of Defendants Watson and Snyder.

ANSWER: Defendants deny the allegations contained in this paragraph.

68.    At all relevant times, the Defendants had an affirmative duty to take reasonable steps to ensure Mr. Earvin's well-being and safety given that Mr. Earvin was in government custody.

ANSWER: Defendants deny the allegations contained in this paragraph.

69.    Defendants knew that Mr. Earvin and other inmates faced a substantial risk of serious harm from officers in their employ, including the Defendant officers involved in brutally beating Mr. Earvin to death, and failed to take reasonable measures to abate said risk.

ANSWER: Defendants deny the allegations contained in this paragraph.

70.    On information and belief, prior to May 2018, Defendants Watson and Snyder knew that correctional staff at Western Illinois, including without limitation Defendants Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, and Huges were routinely using excessive force against prisoners housed there. This routine use of excessive force was widespread and pervasive. Despite knowledge of this unconstitutional use of force, Defendants Watson and Snyder failed to adequately supervise, discipline, or train correctional staff, or take any other reasonable measures to prevent officers like Defendants Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, and Huges from using excessive force against Mr. Earvin.

ANSWER: Defendants deny the allegations contained in this paragraph.

71. At all times relevant to their involvement in this case, Defendants Watson and Snyder were responsible for the creation, implementation, oversight, and supervision of policies, practices, and procedures regarding use of force at Western Illinois; the training of correctional staff at Western Illinois on use of force; and the supervision and discipline of correctional staff at Western Illinois.

ANSWER: Defendants deny this paragraph contains a complete and accurate statement of the duties of Watson and Snyder.

72. The widespread use of excessive force at Western Illinois as described above, so pervasive as to constitute a *de facto* policy or practice, was able to exist and flourish because Defendants Watson and Snyder were deliberately indifferent to the problem, thereby ratifying it.

ANSWER: Defendants deny the allegations contained in this paragraph.

73. Mr. Earvin's injuries were caused by employees of IDOC, including without limitation Defendants Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, and Huges, who acted pursuant to the *de facto* policies described above at Western Illinois, which were ratified by Watson and Snyder.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny that they caused Mr. Earvin's injuries.

Defendants lack sufficient knowledge regarding whether other Defendants caused Plaintiff's injuries. Defendants deny the remaining allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

**COUNT IV – 42 U.S.C. §1983 –Deliberate Indifference to Serious Medical Need**
**(Eighth Amendment claim against Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell,**
**Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel,**
**Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth,**
**Radecki, Huges, Lindsey, Duesenberg, Smith, Hill, Conley, Session, Durell, Watson, Eichelberger,**
**and Hubbard)**

74.  All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

75.  At all relevant times, Mr. Earvin was an inmate in the custody of the IDOC and was subject to the Defendants' care and medical services.

ANSWER: Defendants admit that Mr. Earvin was an inmate in the custody of IDOC, but deny that all of the identified defendants were responsible for providing medical services.

76.  Mr. Earvin had a clearly established right under the United States Constitution to be free from deliberate indifference to his known serious medical needs and to receive proper and adequate medical care while incarcerated and under the custody and control of the Defendants.

ANSWER: Defendants deny there is a constitutional right to receive proper and adequate medical care while incarcerated. Defendants admit that there is a clearly established right under the United States Constitution to be free from deliberate indifference to known serious medical needs, but deny that this is a full and complete statement of the law.

77.     Each Defendant knew or should have known of this clearly established right at the time of the incident that led to Mr. Earvin's death.

ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

78.     Subsequent to the beating inflicted on him by correctional staff, Mr. Earvin was suffering from an objectively serious medical condition in that he had several fractured ribs and various severe neurological and internal injuries, in addition to various bruises, abrasions, and lacerations. His condition was grave.

ANSWER: Defendants admit that Mr. Earvin had several fractured ribs and internal injuries, but deny this paragraph to the extent it alleges that Defendants were aware of these internal injuries. Defendants lack sufficient knowledge to admit or deny the cause of Mr. Earvin's injuries, or whether his situation was grave.

79.     By virtue of either participating in or being present for the beating of Mr. Earvin, Defendants Hedden, Burnett, Haubrich, Banta, Sheffler, Syrcle, Snell, Hendricks, Hasten, Volk, Werries, Kurfman, Shaw, Richmiller, Waterstraat, Arens, Fishel, Crary, Shoopman, Sorrells, McQuillen, Lenning, Thomas, Looker, Pool, Grawe, Chenoweth, Radecki, and Huges were aware that he had suffered serious injuries and had an objectively serious medical need, yet failed to secure the necessary emergency lifesaving medical treatment he required and/or obstructed or interfered with his access to the requisite medical care.

ANSWER: Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes deny the allegations contained in this paragraph.

Defendants Eddie Durell, Josh Eichelberger, David Session, Scott Shipman, and Eric Wohlfeil lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

80.     Defendants Lindsey, Duesenberg, Smith, Hill, Conley, Session, Durell, Watson, Eichelberger, Hubbard, Shipman, and Wohlfiel all had contact with Mr. Earvin subsequent to the beating, observed signs of his deteriorating and critical condition and his serious medical need, yet failed to secure the necessary emergency lifesaving medical treatment he required in a timely manner and/or obstructed or interfered with his access to the requisite medical care.

ANSWER: Defendants Session, Durrell, Eichelberger, Shipman and Wohlfiel admit they had contact with Mr. Earvin after the time Plaintiff alleges that Mr. Earvin was beaten. Defendants Session, Durrell, Eichelberger, Shipman and Wohlfiel deny the remaining allegations contained in this paragraph.

Defendants Benjamin Burnett, Brandon Syrcle, Brandon Snell, Susan Surratt, Nolan Kurfman, Tyler Shaw, Jonathon Richmiller, Cody Arens, Richard Shoopman, Jason Sorrells, Jonathon McQuillen, Steve Thomas, Timothy Looker, Bradley Pool, Randy Grawe, Phillip Chenoweth, Michael Radecki, and Aaron Hughes lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

81.     At all times relevant to the allegations in this Complaint, each Defendant knew of and disregarded the excessive risks associated with Mr. Earvin's serious and life-threatening medical condition.

ANSWER: Defendants deny the allegations contained in this paragraph.

82.     With deliberate indifference to Mr. Earvin's constitutional right to adequate medical care, the Defendants knowingly failed to adequately examine, treat, and/or care for Mr. Earvin's worsening condition. They did so despite their knowledge of Mr. Earvin's serious medical

needs, thereby placing him at risk of serious physical harm, including death. Therefore, the Defendants knew or were aware that Mr. Earvin faced a substantial risk of harm and disregarded this risk by failing to take adequate measures to reduce the risk.

ANSWER: Defendants deny the allegations contained in this paragraph.

83. The acts or omissions of each Defendant were the legal and proximate cause of Mr. Earvin's death.

ANSWER: Defendants deny the allegations contained in this paragraph.

84. The acts and omissions of each Defendant caused Mr. Earvin damages in that he suffered extreme physical and mental pain while in the Defendants' custody.

ANSWER: Defendants deny the allegations contained in this paragraph.

85. The intentional actions or inactions of each Defendant as described herein constituted the unnecessary and wanton infliction of pain upon Mr. Earvin, thereby violating the Eighth Amendment.

ANSWER: Defendants deny the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

## COUNT V – 42 U.S.C. §1983 – Conspiracy
### (All Defendants)

86. All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

87. Defendants reached an agreement among themselves to deprive Mr. Earvin of his constitutional rights and to protect each other from liability for depriving Mr. Earvin of his rights, as described above.

ANSWER: Defendants deny the allegations contained in this paragraph.

88. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

ANSWER: Defendants deny the allegations contained in this paragraph.

89. The misconduct described herein was undertaken intentionally, with malice, and/or with reckless indifference to Mr. Earvin's rights.

ANSWER: Defendants deny the allegations contained in this paragraph.

90. As a direct and proximate result of the illicit prior agreement as set forth above, Mr. Earvin's rights were violated and he sustained damages including pain, suffering, emotional distress, injury, and death.

ANSWER: Defendants deny the allegations contained in this paragraph.

91. Mr. Earvin's injuries were caused by employees of IDOC who acted pursuant to the *de facto* policies described above at Western Illinois, which were ratified by Watson and Snyder.

ANSWER: Defendants lack sufficient knowledge to admit or deny the cause of Mr. Earvin's injuries, but deny the remaining allegations contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

**COUNT VI – State Law Claim – Intentional Infliction of Emotional Distress**
**(Pursuant to the Illinois Survival Act Against Defendants Hedden, Burnett, Haubrich, and**
**Banta)**

92.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

93.     As set forth above, by beating Mr. Earvin to death without legal justification, the Defendant Officers abused their power and engaged in extreme and outrageous conduct.

ANSWER: Defendants deny they beat Mr. Earvin to death and deny abusing their power or engaging in extreme and outrageous conduct. Defendants lack sufficient knowledge regarding the conduct of other Defendant Officers named in this Count to admit or deny the allegations against those officers in this paragraph.

94.     The Defendants Officers' actions as set forth above were done intentionally or with the knowledge that there was a strong likelihood that the conduct would inflict severe emotional distress and with reckless disregard of that likelihood.

ANSWER: Defendants deny that they engaged in the actions alleged above, and deny that they acted intentionally or with the knowledge that there was a strong likelihood that their conduct would inflict severe emotional distress or with reckless disregard of that likelihood. Defendants lack sufficient knowledge to admit or deny whether other Defendant officers named in this Count acted in the manner alleged in this paragraph.

95.     The Defendants Officers' actions as set forth above were undertaken intentionally, with malice, and/or with reckless indifference to Mr. Earvin's rights.

ANSWER: Defendants deny that they acted in the manner alleged above, and deny that their actions were undertaken intentionally, with malice, or with reckless indifference to Mr.

Earvin's rights. Defendants lack sufficient knowledge to admit or deny whether other Defendant officers named in this Count acted in the manner alleged in this paragraph.

96.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including severe emotional distress and great conscious pain and suffering before his death.

ANSWER: Defendants deny engaging in misconduct and deny that Mr. Earvin sustained any damages as a direct and proximate result of their conduct. Defendants lack sufficient knowledge to admit or deny whether Mr. Earvin sustained damages as a result of any misconduct of other Defendant officers named in this Count.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

## COUNT VII – State Law Claim – Battery
### (Pursuant to the Illinois Survival Act Against Defendants Hedden, Burnett, Haubrich, and Banta)

97.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

98.     As set forth above, the Defendant Officers intentionally made physical contact with Mr. Earvin without just cause. This physical contact was offensive and harmful.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

99.    The actions of the Defendant officers were intentional, willful, and wanton.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

100.    The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

101.    As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including great conscious pain and suffering before his death.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to relief as to them.

**COUNT VIII – State Law Claim – Negligent or Willful and Wanton Conduct**

**(Pursuant to the Illinois Survival Act Against Defendants Hedden, Burnett, Haubrich, Banta, Watson, and Snyder)**

102.   All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

103.   As set forth above, the actions of the Defendants breached their duty of care to the prisoners in their custody by using excessive force against Mr. Earvin and/or failing to intervene to prevent the use of excessive force against him.

ANSWER: Defendants deny the allegations contained in this paragraph as to Burnett, Watson, and Snyder. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

104.   In the alternative, the actions of the Defendants were willful and wanton in that they demonstrated complete indifference to the safety of others. Defendants were aware that an injury would likely result from their acts or failures to act and recklessly disregarded the consequences of those acts or failures to act.

ANSWER: Defendants deny the allegations contained in this paragraph in regards to Burnett, Watson, and Snyder. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

105.   The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

ANSWER: Defendants deny the allegations contained in this paragraph in regards to Burnett, Watson, and Snyder. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

106.     As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including great conscious pain and suffering before his death.

ANSWER: Defendants deny the allegations contained in this paragraph in regards to Burnett, Watson, and Snyder. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

### COUNT IX – State Law Wrongful Death Claim - Battery
### (Against Defendants Hedden, Burnett, Haubrich, and Banta)

107.     All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

108.     As set forth above, the Defendant Officers intentionally made physical contact with Mr. Earvin without just cause. This physical contact was offensive and harmful.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

109.     The actions of the Defendant Officers were intentional, willful, and wanton.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in

regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

110.　　The misconduct set forth herein was undertaken with intentional disregard of Mr. Earvin's rights.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

111.　　As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including death.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

112.　　Plaintiff Larry Pippion claims damages for the wrongful death of Mr. Earvin, and for his loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as for his mental anguish caused by this loss, and for burial and other expenses and damages pursuant to the Illinois Wrongful Death Act.

ANSWER: Defendants admit that Plaintiff is claiming the damages contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

## COUNT X – State Law Wrongful Death Claim - Negligent or Willful and Wanton Conduct
### (Against Defendants Hedden, Burnett, Haubrich, and Banta)

113.    All of the prior paragraphs are incorporated by reference as though fully set forth herein.

ANSWER: Defendants incorporate their responses to all prior paragraphs.

114.    As set forth above, the actions of the Defendants breached their duty of care to the prisoners in their custody by using excessive force against Mr. Earvin and/or failing to intervene to prevent the use of excessive force against him.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

115.    In the alternative, the actions of the Defendants were willful and wanton in that they demonstrated complete indifference to the safety of others. Defendants were aware that an injury would likely result from their acts or failures to act and recklessly disregarded the consequences of those acts or failures to act.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the conduct alleged.

116.    As a direct and proximate result of the Defendant Officers' misconduct, Mr. Earvin sustained damages including death.

ANSWER: Defendant Burnett denies the allegations contained in this paragraph in regards to himself. Defendants lack sufficient knowledge to admit or deny whether the other Defendant officers sued in this Count engaged in the misconduct which resulted in Mr. Earvin's death.

117.     Plaintiff Larry Pippion claims damages for the wrongful death of Mr. Earvin, and for his loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as for his mental anguish caused by this loss, and for burial and other expenses and damages pursuant to the Illinois Wrongful Death Act.

ANSWER: Defendants admit the Plaintiff is claiming the damages contained in this paragraph.

WHEREFORE, Plaintiff, Larry Pippion as the Representative of the Estate of Larry Earvin, demands judgment in favor of Plaintiff and against Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

ANSWER: Defendants deny that Plaintiff is entitled to any relief as to them.

### Count XI – Indemnification

**RESPONSE:** Count XI was dismissed by the Court.

### JURY DEMAND

Plaintiff, Larry Pippion, as the Representative of the Estate of Larry Earvin, hereby demands a jury trial on all issues allowed by law.

ANSWER: Defendants also demand a trial by jury.

### JURY DEMAND

Defendants demand a trial by jury in this matter.

### AFFIRMATIVE DEFENSES

### A. Sovereign Immunity

To the extent Plaintiff's claims for monetary damages are against defendants in their

official capacities, those claims are precluded by the Eleventh Amendment, which bars an action for damages in federal court against a State or a State official sued in his official capacity. Plaintiff's claims under state law are barred by sovereign immunity and the State Lawsuit Immunity Act.

**B. Qualified Immunity**

At all times relevant herein, defendants acted in good faith in the performance of their official duties and without violating Mr. Earvin's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

WHEREFORE, for the above and foregoing reasons, defendants respectfully request this Honorable Court deny plaintiff any relief in this matter whatsoever and enter judgment in their favor.

Respectfully submitted,

Cody Arens, Benjamin Burnett, Phillip Chenoweth, Eddie Durell, Josh Eichelberger, Randy Grawe, Aaron Hughes, Nolan Kurfman, Timothy Looker, Jonathon McQuillen, Bradley Pool, Michael Radecki, Jonathon Richmiller, David Session, Tyler Shaw, Scott Shipman, Richard Shoopman, Brandon Snell, Jason Sorrells, Susan Surratt, Brandon Syrcle, Steve Thomas, and Eric Wohlfeil,

Laura K. Bautista #6289023
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone:     (217) 782-5819
Facsimile:     (217) 524-5091
E-mail:lbautista@atg.state.il.us

Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

By:     s/Laura K. Bautista
        Laura K. Bautista
        Assistant Attorney General

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

LARRY PIPPION, as Representative of )
the Estate of Larry Earvin, )
  )
      Plaintiff, )
  )
   -vs- )    No. 19-3010-SEM
  )
SGT. WILLIE HEDDEN, LT. BENJAMIN )
BURNETT, LT. BLAKE HAUBRICH, )
C/O ALEX BANTA, WARDEN )
CAMERON WATSON, ASST. WARDEN )
STEVE SNYDER, Individually, et al., )
  )
      Defendants. )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2020 I caused to be electronically filed the foregoing, **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael Oppenheimer
michael@eolawus.com

Ronak Maisuria
ronak@eolawus.com

Jon F. Erickson
jon@eolawus.com

Richard Frazier
frazier@springfieldlawfirm.com

Theresa Powell
tpowell@heylroyster.com

Stanley N. Wasser
swasser@feldman-wasser.com

Respectfully submitted,

By: _s/ Laura K. Bautista_____
      Laura K. Bautista, #6289023